COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION No.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

CONRAD V. MURPHY
    PLAINTIFF

            VS.                                    COMPLAINT

THE UNITED STATES, COMMONWEALTH OF
MASSACHUSETTS DEPARTMENT OF CORRECTIONS
COMMISSIONER, MCI CEDAR JUNCTION WALPOLE'S
SUPERINTENDANT AND HIS CHAIN OF COMMAND      JURY TRIAL DEMANDED

    DEFENDANTS

SUED IN THEIR INDIVIDUAL AND OFFICIAL
    CAPACITIES AND ENTITIES

---

## PRELIMINARY STATEMENT

This is a Civil rights Action brought by Conrad V. Murphy, a State prisoner, for Monetary Damages and Injuctive Relief under 42 U.S.C. §§ 1983, Official Conspircy under 1985, and for Legal Fees and Costs under 1988, Articles XII and XXVI of the Massachusetts Daclaration of Rights, for Statutory Violation of M.G.L.A. c. 12, §§ 11H-11I (M.C.R.A.), and State Tort Law, and Declaratory Releif under M.G.L.A. c. 231A §§ 1-9, et seq., alleging Retalitory Crule and Unusual Punishment and Malicious Distruction of Personal Property in Violation of First and Eighth Amendments to the United States Constitution and Unlawful Disciplinary Confinement in Segregation in Violation of both the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the Constitution. The plaintiff also alleges the Tort of Assault and Battery.

## JURISDICTION

1. "Plaintiff invokes pendent jurisdition of this Court"

2. Violation of applicables and violation of Due Process and Equal Protection of the Laws

3. Also, bases for jurisdiction: 28 U.S.C.A. § 1331 (Federal Question), 28 U.S.C.A. § 1343 (a)(1)(3)(4) (Civil Rights), 28 U.S.C.A. § 1367 (a)(Supplement Jurisdiction, also, State and Federal Law), 28 U.S.-C.A. §§ 2201-2 (Declaratory Judgement), 28 U.S.C.A. § 636 (b,C) (United States Magistrate), 42 U.S.C.A. § 1997e (b),   28 U.S.C.A. §§ 2403 (a) 517-18-19 (United States to intervene as a Party to defend the U.S. Constitution), 28 U.S.C.A. § 1295 (a) (3,5) (U.S. Court of Appeals Federal Circuit), 28 U.S.C.A. § 509, 31 U.S.C.A. § 321, 31 U.S.C.A. § 3901, 5 U.S.C.A. §§ 551, 552a (e)(5), (g)(1) (c,d), 702, (APA) Generally, M.G.L.A. c. 30A §§ 1-8 (State APA,D. O.C.), 50 U.S.C.A. § 463 (M.S.S.A.), 26 U.S.C.A. § 7421 (a) (Anti-Injunction Act), 28 U.S.C.A. § 1357 (Injuries to Plaintiff), 28 U.-S.C.A. 1346 (b), 2671 et seq. (F.T.C.A., and Bivens), 28 C.F.R. §§ 0.95 et seq., U.S. Const. Amends.  1,  8,  (14 §§ 1,5, Enforcement Clause), 42 U.S.C.A. §§ 1983, 1985, 1988, Article[s] XII and XXVI of the Massachusetts Declaration of Rights, M.G.L.A. c. 12 §§ 11-I (MCRA)(Statutory Violation), 18 U.S.C.A. 3626 (g)(2) (Retroactive), 18 U.S.C.A. §§ 241-242, Restatement (Second of Torts), § 874A, M.G.-L.A. c. 268 § 6A (False Reports /Forged Records), M.G.L.A. c. 265 §§ 37;39, M.G.L.A. c. 127 §§ 32; 38F; 129D, M.G.L.A. c. 231A § 1 (Sta-te Declaratory Judgement), M.G.L.A. c. 93 § 102(a)(b)(c)(d), M.G.L-A. c. 261 § 1, U.S. Const. Art. 6. cl. 2 (Supremacy Clause).

## PARTIES

4. Conrad V. Murphy, the plaintiff, is an United States Citizen and a prisoner currently confined at the State Maximum Security Prison at MCI Cedar Junction Walpole (hereinafter, "MCI-CJ") P.O. Box 100, South Walpole, MAssachusetts 02071.

5. Napier D. Traylor, (hereinafter,"Traylor") is an United States Citizen and a prisoner currently confined at the State Maximum Security Prison at MCI-CJ Walpole, P.O. Box 100, South Walpole, Massachusetts 02071. Prisoner Traylor is a "NECESSARY PARTY" in this Civil Rights Action. Pursuant to Fed. R. Civ. P. Rule 19 (a).

6. The United States

7. Defendant Kathleen M. Dennehy (hereinafter, "Dennehy") is/was at all times relevant here the Commissioner of the Department of Corrections (D.O.C.) and is responsible for promulgating and enforcing the administrative regulations under which the disciplinary report was authored, issued and said administrative disciplinary hearing held, as well as plaintiff's appeal of said disciplinary findings, sanctions and recommedations to defendant Nolan. Defendant Dennehy is being sued both individually and in her official capacity. Her business address is: 50 Maple St., Suit 3, Milford, Massachusetts 01757-3698.

8. Defendant David Nolan (hereinafter, "Nolan") is/was at all times relevant here the Superintendent of MCI-CJ, and is/was responsible for the operation, management, and  reviewing both the procedures and sufficiency of the evidence adduced as said MCI-CJ disciplinary hearing of # 34531 report, as well as the final reviewing authority for plaintiff's appeal. Defendant Nolan is being sued both individually and in his official capacity. His address is: P.O. BOX 100, South Walpole, Massachusetts 02071.

9. Defendant Joseph D. Cummings (hereinafter, "Cummings") is/was at all times relevant here employed as a correctional officer at MCI-CJ, and the author of MCI-CJ disciplinary report numbered 34531 at the heart of the controversy at issue. Defendant Cummings is being sued both individually and in his official capacity. His address is: P.O.BOX 100, South Walpole, Massachusetts 02071.

10. Defendant Keven M. Ohearn (hereinafter, "ohearn") is/was at all times relevant here a correctional officer employed as the disciplinary officer at MCI-CJ, and the MCI-CJ employee responsible for reviewing and investigating the

allegations contained in the disciplinary report authored by defendant cummings prior to service of said disciplinary report on plaintiff. Defendant Ohearn is being sued both individually and his official capacity. His address is: P.O. BOX 100, South Walpole, Massachusetts 02071.

11. Defendant Mike DiNapoli (hereinafter, "DiNapoli") is/was at all times relevant here employed as the chirperson of the East Wing Review Board/ Departmental Segregation Units (D.S.U) at MCI-CJ, and the MCI-CJ employee responsible for the governing, conducting, reviewing of the final results of plaintiff's appeal for placement in D.S.U. from defendant Nolan. Defendant DiNapoli is being sued both individually and in his official capacity. His address is: P.O. BOX 100, South Walpole, Massachusetts 02071.

12. Defendant Ann Marie Aucoin (hereinafter, "Aucoin") is/was at all times relevant here employed as the Institutional Grievance Coordinator (IGC) at MCI-CJ, and the MCI-CJ responsible for reviewing, processing, coordinating the operation of the grievance procedure, as well as the resolution of plaintiff's grievance complaint # 3350 (hereinafter, "3350"). Defendant Aucoin is being sued both individually and in her official capacity. Her address is: P.O. BOX 100, South Walpole, Massachusetts 02071.

13. Defendant Fran Berghaus (hereinafter, "Berghaus") is/was at all times relevant here employed as Sgt. and property officer at MCI-CJ, and the Employee responsible for the storing, safekeeping, transfering and care of plaintiff's legal and personal property. Defendant Berghaus is being sued both individually and in her official capacity. Her address is: P.O. BOX 100, South Walpole, Massachusetts 02071.

(5)

**14.** Defendant Michael H. Sheehan (hereinafter, "Sheehan") is/was at all times relevant here a correctional officer employed at MCI-CJ. Defendant Sheehan is being sued both individually and his official capacity. His address is: P.O. BOX 100, South Walpole, Massachusetts 02071.

## ALL DEFENDANT'S ACTED UNDER COLOR OF STATE LAW

FACTS

**15.** On or about October, 2003, plaintiff was housed in General Population, in Block 6 Cell # 10, when he met back up with Traylor, who was recommended and released from the D.D.U. after serving 17-18 months for being maliciously assaulted by MCI-CJ prison official for a long-going law suit against MCI-CJ prison officials, and was   housed in Block 6 Cell # 35.

**16.** The plaintiff, then asked Traylor what happened to him that had him end up in D.D.U., and Traylor stated that he again was assaulted by MCI-CJ prison official, and that he did not know nothing about the law and could plaintiff help him, which the plaintiff did help Traylor the best he could.

**17.** In the month of November, 2003, plaintiff had begin to help Traylor the best he could by typing up a "Motion to Enlarge" for time to respond in his legal law suit. At this time plaintiff was going to the prison Law Library with Traylor teaching him the best he could about the law and how he needed to go about filing motions and legal research with case laws, and it was at that time MCI-CJ prison officials started to see and witness the plaintiff helping Traylor with his law suit.

**18.** On the dates of November 26 and 28, 2003, plaintiff was coerced and threatened by defendant Sheehan for plaintiff's helping out Traylor and the plaintiff knew of this prison official's history in MCI-CJ in reguards to him threatening and assaulting other prisoners, and plaintiff knew that his life was in danger, and the plaintiff did file <u>one</u> administrative complaint / grievance  on the issue. After the plaintiff had filed the complaint  on defendant Sheehan, the coercing and threats did not stop there.

**19.** As is the usual custom and practice at MCI-CJ, defendant Sheehan has a <u>record</u> of assaults and threatening prisoners at MCI-CJ and has gone unpunished for his acts and/or ommissions to this day.

**20.** On January 23, 2004, the plaintiff filed a motion in the United States District of Massachusetts, as a party to intervene in the Case of Napier Traylor V. Michael T. Maloney et seq. No. 00-11322-MLW and was denied the right to intervene from an Opposition Motion filed by the Mass. Dept. of Corr. (D.O.C.) and soon after the filing the plaintiff was denied the law library because of this on many occasions.

**21.** On or about the month of February, 2004, defendant Sheehan did threaten the plaintiff on two other occasions about helping out Traylor and making statements of how he was going to make good on his words prior in November of 2003.

**22.**  The plaintiff once again filed <u>two</u> more administrative complaints/grievances to defendant Aucion (IGC) about the incidents with defendant Sheehan, and defendant Aucion did not process or respond to plaintiff's complaint's and did come to Block 6, the Unit the plaintiff and Traylor was housed, and **told** the plaintiff that she was informed that the issue with defendant Sheehan was resolved prior in November of 2003.

(7)

On or about the dates of March 1, up until March 19, 2004, the plaintiff did witness defendant Sheehan working Block 6 the Unit the plaintiff and Traylor was housed with defendant Cummings on many occasions, and while making major count, defendant Sheehan stated to the plaintiff "It won't be long now", then go and talk to defendant Cummings about what he had said to the plaintiff on his count, and that the plaintiff at this time realized just how close of a friendship between them was.

23. On or about the month of March, 2004, the plaintiff filed one more administrative complaint knowing that his life was in danger, again, to defendant Aucion (IGC) and the plaintiff's complaint whent unanswered.

24. On March 22, 2004, at approx. 7:05a.m. while the plaintiff was waking up, the plaintiff did witness defendant Sheehan taking the morning count and did state to the plaintiff "Times up", and when the plaintiff's cell door opened for him to go to chow, he met up with Traylor and they both whent to chow together. On this same morning, at approx. 7:55a.m. while returning from breakfast chow with Traylor, while plaintiff entered Block 6 Unit, plaintiff was greeted by an unidentified Inner Perimeter Security (I.P.S.) Official, and was given an order to "cuff-up" which the plaintiff did comply with this order and was escorted from Block 6 (General Population) to 10 Block (Segregation) and without incident. On March 23, 2004, while housed in 10 Block Segregation Unit the plaintiff was served with Disciplinary Report # 34531 which was authored by defendant Cummings, charging the plaintiff with # 2 - Violating any Dept. Rule/Reg. and # 15 - Poss/Manuf/Intro of a Weapon (Sharpened Tooth Brush).

25. It is the usual custom and practice at MCI-CJ, that defendant Ohearn processed D-Report # 34531 without reviewing or independently investigating the allegations contained therein and served the same on the plaintiff.

(8)

**26.** Thereafter, on March 30, 2004, at the disciplinary hearing which took place in a closed visiting cell with just defendant Ohearn, the hearing was held. At this hearing, the plaintiff pled "not guilty" to both of the infractions alleged in MCI-CJ D-Report # 34531, also, plaintiff testified that he "had no knowledge of an alleged sharpened tooth brush" and "that D-Report # 34531 was false and misleading allegations that were fabricated by defendant's Sheehan and Cummings and was designed to punish the plaintiff for helping out Traylor with his law suit against MCI-CJ Prison Officials" and "he was not present in his cell at the time the alleged "random apocryphal search" was conducted by defendant Cummings that morning and that when he came back from chow, an unidentified I.P.S. Official and was ordered to cuff-up and escorted to 10 Block" and " he submitted both the Evidence From that requested the Affidavit the plaintiff submitted from Traylor, the tooth brush itself, and the request for the tooth brush to be sent out to an outside lab to be tested for finger print(s), and the Witness Form that requested both Traylor and the defendant's Sheehan and Cummings".

**27.** Upon concluding MCI-CJ disciplinary hearing of D-Report # 34531, defendant Ohearn advised the plaintiff that (1) " He was ordered by his Superiors to find the plaintiff guilty as to just the weapon offense charged in D-Report # 34531." (2) " He was not going to docket all of which the plaintiff testified to at the hearing."(3) " With or without defendants' Sheehan or Cummings report or evidence, the Reporting Staff Officer in all disciplinary cases are reliable for action." The plaintiff replied that, "The denial of several pieces of pertinent evidence crucial to the preparation of his defense, and the denial of favorable witnesses, and to confront to cross-examine adverse witnesses as well as receive copies of adverse reports and documents are in direct violation of administrative regulations, and his Due-Process Rights."

(9)

28. Thereafter, defendant Ohearn denying the plaintiff of his right to the requested evidence, witnesses and documents crucial to prepare his defense, defendant Ohearn stated what he was going to give as a sanction at the hearing, which defendant Ohearn stated to the plaintiff, "112 Units loss of TV/Radio, 112 Units loss of Telephone, 112 Units loss of Commissary and 112 Units loss of Visits, and a possible "Recommendation" for D.S.U. review. Again, the plaintiff replied that, "The entire evidence in this case does not amount to sufficent evidence to convict him" and that "If defendant Ohearn just stood by and allow-ed his Superiors or other officer's to violate his rights, that he will go forward with LEGAL ACTION!" Defendant Ohearn did not respond to the last stat-ement made by the plaintiff and ended the hearing.

29. It is the usual custom and practice at MCI-CJ, that defendant Nolan orders that all prisoners such as the plaintiff be found guilty of all charges alleged against them in MCI-CJ D-Reports.

30. On March 31, 2004, the plaintiff was transfered from 10 Block (Segregation) to the Orientation One Unit (General Population), to await an East Wing Review Board Hearing for placement in the Departmental Segregation Unit (D.S.U.), pursuant to MCI-CJ Policy 103 CMR 421.00 the more restrictive section of the prison.

31. On April 7, of the D.S.U. hearing, plaintiff stated to defendant DiNapoli who was the Chairperson, "For a continuance of the hearing that was scheduled for that day, for reasons, "that He would have never received the Continuance Form by institutional mail because one of the defendants in Traylor's law suit, is the mail officer Gary Hebda at MCI-CJ, and that the plaintiff was having problems with his incoming, outgoing and inhouse mail at the time, and also, that D-Report # 34531 was still under appeal to defendant Nolan.

**32.** Dfendant DiNapoli stated to the plaintiff, "That he recieved a **Recommenda-tion** from defendant **Ohearn** and that it was his job to review this case. Which the plaintiff replied, "That if he **was to rule** on this **hearing today without** giving the plaintiff the **right to appeal before review**, he would be in direct violation of plaintiff's **Due Process Rights**, because **Defendant Nolan has the final decision in MCI-CJ D-Report # 34531, to modify, suspend or dismiss D-Report # 34531 and "not him!!!"** Defendant DiNapoli stated to the plaintiff, "Upon reviewing the recommendation, evidence and charges enumerated in the dis-ciplinary report, that the plaintiff posed a threat to security, therefore, upholding and approving defendant Ohearn's decision ordering that the plaintiff be placed in (D.S.U.)" and ended the hearing.

**33.** On April 12, 2004, the plaintiff was transfered from the Orientation One Unit (General Population) to Block 7 # 10 (D.S.U./Segregation), for the prior East Wing Review Board's decision from defendant **DiNapoli**, which plaintiff's **Due Process Rights** to **an Appeal was still in effect to defendant Nolan** who is once again, **responsible** for the **reviewing both** the **proceedures** and **sufficiency** of the evidence adduced as said MCI-CJ disciplinary hearing and D-Report # 34531 as well as the **final reviewing authority** of plaintiff's appeal from defe-ndant Ohearn.

**34.** On April 11, 2004, the plaintiff subsequently appealed defendant Ohearn's **findings** of the **sanctions** and **D.S.U. Board**, also in a **separate part** about the **incident[s]** with **defendant Aucoin not filing or responding to plaintiff's com-plaints regarding defendant Sheehan**, prior to **both** defendants **Sheehan** and **Cum-mings's collabration of D-Report # 34531**, which was "Blostered", fabricated evidence and "insufficient accusations" created to punish the plaintiff for helping Traylor on his Law suit against Prison Officials, which defendant Nolan denied plaintiff's appeal and allowed the remaining sanctions to stand as to

(11)

defendant Ohearn's findings, sanctions and recommendations regarding MCI-CJ D-Report # 34531, as well as the D.S.U. decision from defendant DiNapoli in regards to plaintiff being placed in Segregation.

**35.** On April 3, 2004, while housed in the Orientation One Unit, Cell # 112, (General Population), while waiting a (D.S.U./East Wing Review Board Hearing), the plaintiff received by institutional mail a Contraband/Disposal Form from defendant Berghaus stating that plaintiff's "Color KTV was not working-will not turn on." On this same day the plaintiff filed an Administrative Complaint/ Grievance to defenadnt Aucoin (IGC), pursuant to A.C./Grievance # 3350, which defendant Aucoin's **final** decision was in favor of the plaintiff by stating that the "Institution was responsible for the damage and repairs", dated on 4/14/04.

**36.** On May 1, 2004, while housed in Block 7 Cell # 10 (D.S.U./Segregation) where the plaintiff is still housed to this date, from the prior East Wing Review Board's decision on April 7, 04, plaintiff received a "Purchase Slip" in the Inst. mail from defendant Berghaus with her sinature on it stating that "You need to sign this and then submit it to the Property Office to have your Color KTV fixed for repairs" which Purchase Slip also, had the amount made out to $ 65.00, to imply that in order for the plaintiff to get his KTV fixed, he will have to just sign his name on the slip, and the monies will be automaticly taken from his Prison Account.

**37.** On May 4, 2004, plaintiff filed once again an A.C./Grievance to defendant Aucoin (IGC) about the "Purchase Slip" he received from defendant Berghaus which was in **conflict** with her **final** decision dated on 4/14/04. This same day the plaintiff recieved by Inst. mail the A.C./Grievance he had filed prior that day **back**, and **unprocessed**, with a written note in her hand writing from defendant Aucoin **stating** " I spoke with the Property Sgt. Arrangements will be made to have your T.V. repaired at no cost to you. CO Aucoin 5/4/04.

(12)

**38.** On June 21, 2004, the plaintiff filed a Demand Letter to defendant Nolan in-reference to Illeagal Segregation and Malicious Destruction of Personal Property, in addition, the demand letter put forth the basic facts of the plaintiff's purpose of the letter and requested relief. This letter was also sent by Certified Mail to **both** defendant Dennehy who is once again, responsible for promulgating and enforcing the administrative regulations under which the D-Report # 34531 was authored, issued, served and said administrative disciplinary hearing held, as well as plaintiff's appeal of said disciplinary findings, sanctions and recommedations from defendant's Nolan and Cummings, and by certified mail a copy was sent to Nancy Ankers White, who is the Attorney General for the Massachusetts Department of Corrections of their Legal Divsion.

**39.** The plaintiff also sent by Certified Mail copies of the Demand Letter to other Government Officials in hopes of their Offices would Investigate the Staff Misconduct of the defendants and their Chain of Command, and to this date, **both** defendants **Nolan** and **Dennehy** has not responded to plaintiff's demand letter, or **Nancy Ankers White in response for both defendants Nolan and Dennehy.**

## CLAIMS FOR RELIEF

**40.** Pursuant to **Fed. R. Civ. P. Rule 18 (a)**, the plaintiff brings forth a **Joinder of Claims** and are as follows:

### COUNT I

**41.** The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

(13)

42. Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic misconduct on office" by way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objuctives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

43. By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established constitutional rights to due process and equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution.

44. In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under **color of state law.**

45. As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint. **Pursuant to U.S. Const. Amend. 14 §§ 1,5 Enforcement Clause.**

### COUNT II

46. The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incopporates them herein by reference.

47. Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic misconduct on office" by way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of

(14)

any penological interests or objectives or maintaining security, but rather

for the purpose of intimidating, threatening, punishing and causing fear and

humiliation to a prisoner in their custody.

**48.** By their actions, defendants' violated plaintiff's civil right, privile-

ges and immunities, and of the clearly established constitutional rights to

due process and equal protection of the law to free exercise of religion

guaranteed by the First Amendment to the United States Constitution.

**49.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants'

acted knowingly, willfully, maliciously, intentionally, and sadistically under

**color of state law.**

**50.** As a direct and proximate result of defendants' actions, the plaintiff

suffered an "atypical and significant hardship" and injuries described in this

complaint. **Pursuant to U.S. Const. Amend. 1.**

                              COUNT III

**51.** The plaintiff repeats and avers under penalty of perjury, the allegations

set out in paragraphs numbered 15 through 39, inclusive, and incorporates them

herein by reference.

**52.** Defendants', and each of them, with reckless and callous indifference as

aforesaid, used "systemic misconduct on office" by way of their administrat-

ive regulations upon the plaintiff unnecessarily, and not for the purpose of

any penological interests or objectives or maintaining security, but rather

for the purpose of intimidating, threatening, punishing and causing fear and

humiliation to a prisoner in their custody.

**53.** By their actions, defendants' violated plaintiff's civil right, privile-

ges and immunities, and of the clearly established constitutional rights to be free from crule and unusual punishment guaranteed by the Eighth Amendment to the United States Consitution.

54. In using crule and unnecssary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under **color of state law.**

55. As a direct and proimate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint. **Pursuant to U.S. Const. Amend. 8.**

## COUNT IV
## CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983

56. The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs 15 through 39, inclusive, and incorporates them herein by reference.

57. Defendants', and each of them, with recless and callous indifference as aforesaid, used "systemic miscondunt on office" by way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintianing security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

58. By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and the clearly established right to be free from cruel and unusual punishment.

59. In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under

(16)

color of state law.

60. As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

## COUNT V
## CIVIL RIGHTS VIOLATIONS UNDER M.G.L c. 12, § 11I

61. The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

62. By abusing their authority in "systemic misconduct on office" by way of their administrative regulations upon the plaintiff unnecessarily, defendants' deprived the plaintiff of the folling clearly established rights:

A. freedom from crule and unusual punishment;

B. freedom from intimidation;

C. freedom from threats and coercion;

D. the rihgt to engage in speech which does not threaten any institutional security, good faith or legitimate penological interests;

E. the right to petition the government for redress of grievances which does not threaten any intitutional security, good faith or legitimate penological interests; and

F. the right to free exercise of religion and freedom of worship which does not threaten any institutional security, good faith or legitimate penological interests.

63. Defendants' used their administrative regulations against the plaintiff in order to deter him from engaging in speech, petition for redress of grievances

(17)

and excercising religion and worship which does not threaten institutional security, good faith or legitimate penological interests. The retalitory crule and unusual punishment, destruction of personal property and unlawful disciplinary action, sanction and segregation was intended to threaten, intimidate, and humiliate him and force him to remain silent in the future. Defendants' use of threats, intimidation and institutional regulations as an indirect means of coercing the plaintiff into silence and fear violated M.G.L. c. 12, § 11I.

64. In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

65. As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

## CUONT VI

## CIVIL RIGHTS VIOLATIONS UNDER 18 U.S.C. § 242

66. The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

67. Defendants', and each of them, with reckless and callous indifference as aforesaid, used " systemic misconduct on office" by way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objuctives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

(18)

**68.** By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established right to be free from crule and unusual punishment.

**69.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

**70.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

**COUNT VII**
**CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1985(3)**

**71.** The plaintiff repeats and avers under penalty of purjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

**72.** By abusing their authorrity in "systemic misconduct on office" by way of their administrative regulations upon the plaintiff unnecessarily, defendants' **"conspired"** to deprive the plaintiff of the following clearly established rights:

**A.** freedom from crule and unusual punishment;

**B.** freedom from intimidation;

**C.** freedom from threats and coercion;

**D.** the right to engage in speech which does not threaten any institutional security, good faith or legitimate penological interests;

**E.** the right to petition the government for redress of grievances which does not threaten any institutional security, good faith or legitimate penological interests;

(19)

**F.** the right to free excercise of religion and freedom of worship which does
not threaten any institutional security, good faith or legitimate penological
interests; and

**G.** the right to enjoy his personal property which does not interfere with
institutional disciplinary procedures for "priviledge restriction".

**73.** Defendants' conspired to use their administrative regulations against the
plaintiff in order to deter him from engaging in speech, petition for redress
of grievances, exercise of religion and worship and enjoy his personal property
which does not threaten institutional security. The retalitory crule and unusual
punishment, destruction of his personal property and unlawful diciplinary
segregation was intended to threaten, intimidate, and humiliate him and force
to remain silent in the future. Defendants' conspired to use threats, intimida-
tion and institutional regulations as an indriect means of coercing plaintiff
into silence and fear violated 42 U.S.C. § 1985 (3).

**74.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants'
acted knowingly, willfully, maliciously, intentionally, and sadistically under
color of state law.

**75.** As a direct and proximate result of defendants' actions, the plaintiff
suffered an "atypical and significant hardship" and injuries described in this
complaint.

## COUNT VIII

### CIVIL RIGHTS VIOLATIONS UNDER 18 U.S.C. § 241

**76.** The plaintiff repeats and avers under penalty of perjury, the allegations
set out in paragraphs numbered 15 through 39, inclusive, and incorporates them
herein by reference.

(20)

77. By abusing their authority in "systemic misconduct on office" by way of
their administrative regulations upon the plaintiff unnecessarily, defendants'
**"conspired"** to deprive the plaintiff of the following clearly established
rights:

A.freedom form crule and unusual punishment;

B.freedom from intimidation;

C.freedom from threats and coercion;

D.the right to engage in speech which does not threaten any institutional
security, good faith or legitimate penological interests;

E.the right to petition the government for redress of greivances which does
not threaten any institutional security, good faith or legitimate penological
interests;

F.the right to free excercise of religion and worship which does not threaten
any institutional security, good faith or legitimate penological interests; and

G.the right to enjoy his personal property which does not interfere with
institutional disciplinary procedures for "privilege ristriction".

78. Defendants' conspired to use their administrative regulations against the
plaintiff in order to deter him from engaging in speech, petition for redress
of grievances, exercise of religion and worship and enjoy his personal property
which does not threaten institutional security. The retalitory crule and unusual
punishment, destruction of his personal property and unlawful disciplinary
segregation was intended to threaten, intimidate, and humiliate him and force
him to remain silent in the future. Defendants' conspired to use threats,
intimidation and institutional regulations as an direct means of coercing
plaintiff into silence and fear violated 18 U.S.C. § 241.

79. In using crule and unnecessary "misconduct" upon the plaintiff, defendants'
acted knowingly, willfully, maliciously, intentionally, and sadistically under

(21)

color of state law.

**80.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

**COUNT IX**

**CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A. §§ 2000bb et seq.**

**81.** The plaintiff avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

**82.** Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic Misconduct of office" by way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

**83.** By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established Federal Rights to due process and equal protection of the law to free exercise of religion and worship guaranteed by 42 U.S.C.A. §§ 2000bb et seq. Pursuant to (RFRA) of 1993,§3; 42 U.S.C.A.

**84.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

**85.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

(22)

## COUNT X

### CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C.A. §§ 2000cc et seq.

**86.** The plaintiff avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

**87.** Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic misconduct on office" by way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

**88.** By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established Federal Rights to due process and equal protection of the law to free exercise of religion and worship guaranteed by 42 U.S.C.A. §§ 2000cc et seq. Pursuant to (RLUIPA) of 2000; 42 U.S.C.A.

**89.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

**90.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

## COUNT XI

### CIVIL RIGHTS VIOLATIONS UNDER ARTICLE II OF THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION

**91.** The plaintiff avers under the penalty of perjury, the allegations set out

(23)

in paragraphs numbered 15 through 39, inclusive, and incorporates them herein
by reference.

92. Defendants', and each of them, with reckless and callous indifference as
aforesaid, used "systemic misconduct on office" buy way of their administrative
regulations upon the plaintiff unnecessarily, and not for the purpose of any
penological interests or objectives or maintaining security, but rather for the
purpose of intimidating, threatening, punishing and causing fear and humiliation
to a prisoner in thier custody.

93.By their actions, defendants' violated plaintiff's civil right, privileges
and immunities, and of the clearly established Constitutional Rights to due
process and equal protection of the law to free exercise of religion and worship
guaranteed by Article II of the Declaration of Rights of the Massachusetts
Constitution. Pursuant to M.G.L.A. Const. Pt. 1, Art. 2.

94. In using crule and unnecessary "misconduct" upon the plaintiff, defendants'
acted knowingly, willfully, maliciously, intentionally, and sadistically under
color of state law.

95.   As a direct and proximate result of defendants' actions, the plaintiff
suffered an "atypical and significant hardship" and injuries described in this
complaint.

### COUNT XII

### CIVIL RIGHTS VIOLATIONS UNDER ARTICLE XXVI OF THE DECLARATION
### OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION

96. The plaintiff avers under penalty of perjury, the allegations set out in
paragraphs numbered 15 through 39, inclusive, and incorporates them herein by
reference.

97. Defendants', and each of them, with reckless and callous indifference as

(24)

aforesaid, used "systemic misconduct on office" but way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintaining security, but for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

**98.** By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established Constitutional Right to be free from crule and unusual punishment guaranteed by Article XXVI of the Declaration of Rights of the Massachusetts Constitution. Pursuant to M.G.L.A. Const. Pt. 1, Art. 26.

**99.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

**100.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

### COUNT XIII

### CIVIL RIGHTS VIOLATIONS UNDER ARTICLE XII OF THE DECLARATION OF RIGHTS OF THE MASSACHUSETTS CONSTITUTION

**101.** The plaintiff avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

**102.** Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic misconduct on office" buy way of their administrative regulations upon the plaintiff unnecessarily, and for the purpose of any penological interests or objectives or maintaining security, but for the purpose of

(25)

intimidating, threatening, punishing and causing fear and humiliation to a
prisoner in their custody.

**103.** By their actions, defendants' violated plaintiff's civil right, privileges
and immunities, and of the clearly established Constitutional Right to Due
Process of the law guaranteed by Article XII of the Declaration of Rights of the
Massachusetts Constitution. Pursuant to M.G.L.A. Const. Pt. 1, Art. 12.

**104.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants'
acted knowingly, willfully, maliciously, intentionally, and sadistically under
color of state law.

**105.** As a direct and proximate result of defendants' actions, the plaintiff
suffered an "atypical and significant hardship" and injuries described in this
complaint.

**COUNT XIV**

**CIVIL RIGHTS VIOLATIONS UNDER M.G.L.A. c. 265 § 37**

**106.** The plaintiff avers under penalty of perjury, the allegations set out in
paragraphs numbered 15 through 39, inclusive, and incorporates them herein by
reference.

**107.** Defendants', and each of them, with reckless and callous indifference as
aforesaid, used "systemic misconduct on office" buy way of their administrative
regulations upon the plaintiff unnecessarily, and not for the purpose of any
penological interests or objectives or maintaining security, but for the purpose
of intimidating, threatening, punishing and causing fear and humiliation to a
prisoner in their custody.

**108.** By their actions, defendants' violated plaintiff's civil right, privileges
and immunities, and of the clearly established Constitutional Rights guaranteed

(26)

by M.G.L.A. c. 265 § 37.

109. In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

110. As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

### COUNT XV

### CIVIL RIGHTS VIOLATIONS UNDER M.G.L. c. 268 § 6A

111. The plaintiff avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

112. Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic misconduct on office" buy way of theri administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintaining security, but for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

113. By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established rights guaranteed by M.G.L.A. c. 268 § 6A.

114. In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

115. As a direct and proximate result of defendants' actions, the plaintiff

(27)

suffered an "atypical and significant hardship" and injuries described in this complaint.

## COUNT XVI

### CIVIL RIGHTS VIOLATIONS UNDER M.G.L. c. 127 § 32

**116.** The plaintiff avers and under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

**117.** Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic misconduct on office" buy way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintianing security, but for the purpose intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

**118.** By their actions, defendants' violated plaintiff's civil right, privileges and imunities, and of the clearly established rights guaranteed by M.G.L. c. 127 § 32.

**119.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

**120.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

## COUNT XVII

### CIVIL RIGHTS VIOLATIONS UNDER M.G.L. c. 265 § 39

**121.** The plaintiff avers under the penalty of perjury, the allegations set out

(28)

in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

122. Defendants', and each of them, with reckless and calluos indifference as aforesaid, used "systemic misconduct on office" buy way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

123. By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established rights guaranteed by M.G.L. c. 265 § 39.

124. In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

125. As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

COUNT XVIII

CIVIL RIGHTS VIOLATIONS UNDER 103 CODE OF MASSACHUSETTS
REGULATIONS 420, et seq.

126. The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

127. defendants', and each of them, with reckless and callous indiference as aforesaid, used "systemic misconduct on office" buy way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any

(29)

penological interests or objuctives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

**128.** By their actions, defendants' violated plainitff's civil right, privileges and immunities, and of the clearly established rights guaranteed by 103 Code of Massachusetts Regulations 420, et seq., and by implication, M.G.L. c. 30A. §§ 1-8, inclusive.

**129.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

**129.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

### COUNT XIX

### CIVIL RIGHTS VIOLATIONS UNDER 103 CODE OF MASSACHUSETTS REGULATIONS 421, et seq.

**130.** The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

**131.** Defendants', and each of them, with reckless and callous indifference as aforesaid, used "systemic misconduct on office" buy way of their administrative regulations upon the plaintiff unnecessarily, and not for the purpose of any penological interests or objectives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

(30)

132. By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established rights guaranteen by 103 Code of Massachusetts Regulations 421, et seq., and by implication, M.G.L. c. 30A, §§ 1-8, inclusive.

133. In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

134. As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

COUNT XX

### CIVIL RIGHTS VIOLATIONS UNDER 103 CODE OF MASSACHUSETTS REGULATIONS 430, et seq.

135. The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

136. Defenadnts' and each of them with reckless and callous indifference as aforesaid, used "systemic misconduct on office" buy way of their administrative regulations upon the plaintiff unnecessarrily, and not for the purpose of any penological interests or objectives or maintaining security, but rather for the purpose of intimidating, threatening, punishing and causing fear and humiliation to a prisoner in their custody.

137. By their actions, defendants' violated plaintiff's civil rihgt, privileges and immunities, and of the clearly established rights guaranteed by 103 Code of Massachusetts Regulations 430, et seq., and by implication, M.G.L. c. 30A, §§ 1-8, inclusive.

(31)

**138.** In using crule and unnecessary "misconduct" upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically, under color of state law.

**139.** As a direct and proximate result of defendants' actions, the plaintiff suffered an "atypical and significant hardship" and injuries described in this complaint.

**COUNT XXI**

**<u>ASSAULT AND BATTERY</u>**

**140.** The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

**141.** Dfendants', and each of them, with reckless and callous indifference as afforesaid, have conspired and committed the tort of assault and battery upon the plaintiff for the purpose of intimidation when they:

**A.** Subjected the plaintiff to retalitory crule unusual punishment;

**B.** Subjected the plaintiff to intimidation;

**C.** Subjected the plaintiff to threats and coercion;

**D.** Deprived the plaintiff the right to engage in speech which does not threaten any institutional security, good faith or legitimate penological interests;

**E.** Deprived the plaintiff the right to petition the government for redress of grievances which does not threaten any institutional security, good faith or legitimate penological interests; and

**F.** Deprived the plaintiff the right to enjoy his personal property which did not interfere with institutional disciplinary procedures for "priviledge restriction."

(32)

141. Defendants', have conspired and violated the plaintiff's protected liberty interest in his "bodily integrity" by their threatening gestures, and of their apparent ability to inflict pain or death with unnecessary excessive physical force, irreparable harm or violance at any given time.

142. By their actions, defendants' violated plaintiff's civil right, privileges and immunities, and of the clearly established right, i.e. in being free from assault and battery.

143. In using crule and unnecessary threatening gestures and fear upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

144. No civilized community tolerates such acts of summary punishment by correctional officers against helpless prisoners in their custody.

145. Defendants' bahaved intentionally and outrageously in causing fear and humiliation upon the plaintiff.

146. As a direct and proximate result of defendants' actions, the plaintiff suffered the injuries described in this complaint.

### COUNT XXII

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

147. The plaintiff repeats and avers under penalty of perjury, the allegations set out in paragraphs numbered 15 through 39, inclusive, and incorporates them herein by reference.

148. Defendants', and each of them, as a result from their reckless and callous indifference as aforesaid, plaintiff was injured by suffering severe anxiety and mental distress with an extreme fear that the retalitory crule and unusual punishment would continue when they:

**A.** Subjected the plaintiff to retalitory crule unusual punishment;

**B.** Subjected the plaintiff to intimidation;

**C.** Subjected the plaintiff to threats and coercion;

**D.** Deprived the plaintiff the right to engage in speech which does not threaten any institutional security, good faith or legitimate penological interests;

**E.** Deprived the plaintiff the right to petition the government for redress of grievances which does not threaten any institutional security, good faith or legitimate penological interests; and

**F.** Deprived the plaintiff the right to enjoy his personal property which did not interfere with institutional disciplinary procedures  for "priviledge restriction".

**149.** Defendants', have conspired and violated the plaintiff's protected liberty interest in his "bodily integrity" by their threatening gestures, and of their apperent ability to inflict pain or death with unnecessary excessive physical force, irreparable harm or violance at any given time.

**150.** By their actions, defendants' violated plaintiff's civil right, privileges and imunities, and of the clearly established right, i.e. in being free from mental distress.

**151.** In using crule and unnecessary threatening gestures and fear upon the plaintiff, defendants' acted knowingly, willfully, maliciously, intentionally, and sadistically under color of state law.

**152.** No civilized community tolerates such acts of summary punishment by correctional officers against helpless prisoners in their custody.

**153.** Defendants' behaved intentionally and outrageously in causing fear and humiliation upon the plaintiff.

**154.** As a direct and proximate result of defendants' actions, the plaintiff suffered the injuries described in this complaint.

(34)

## DEMAND FOR JUDGMENT

WHEREFORE, plaintiff requests this Honorable Court grant the following:

A) Issue a Prospective Mandatory Declaratory Judgment, that violated the United States Constitution, State Laws, Policies, Regulations, Program Statements, Federally Protected Constitutional Rights; against each of the defendants' when they:

1) Crulely retaliated against the plaintiff buy way of their administrative regulations for the purpose of intimidating, threatening, punishing and causing fear and humiliation to him;

2) Intimidated the plaintiff;

3) Threatened and coerced the plaintiff;

4) Deprived the plaintiff the right to engage in speech;

5) Deprived the plaintiff the right to pitition for redress of grievances;

6) Destroyed plaintiff's personal property for the purpose of retaliation;

7) Failure to review or investigate plaintiff's "complaints" (by via. grievances, appeal and demand letter) of intimidation, coercion, destruction of his property, and threats to his life; and

8) Violated plaintiff's protected civil rights, priviledges and immunities.

A-1) Violated plaintiff's rights with reguard to the actions, findings, sanctions and recommendations entered in MCI-CJ D-Report # 34531.

A-2) Order the defendants' to "EXPUNGE" from plaintiff's records the "GUILTY FINDING", "SANCTIONS", "SEGREGATION" and "RECOMMENDATIONS" entered in MCI-CJ D-Report # 34531 and all references to the MCI-CJ "SEGREGATION" at the time from March 22, 2004 through the current date of the final judgment, and expunge any and all disciplinary reports which occurred during such unlawful

(35)

segregation time periods, and issue an "EQUITABLE RELIEF ORDER" prohibiting the adverse use of such segregation or D-Reports to deny lower recurity transfers, or as "JUSTIFICATION" for continued segregation, or to deny "PAROLE" at any future time.

A-3) Odrder the defendants to award plaintiff 7½ days G.L. c. 127,§ 129D "GOOD CONDUCT CREDIT" for each month unlawfully held in MCI-CJ Walpole segregation.

A-4) Order the DEFENDANTS' to pay prevailing party costs and Attorneys fee's to PLAINTIFF.

A-5) Upon future seperate motion, grant injunctive relief compelling defendants' to comply with 103 CMR 421 or immediately release the plaintiff from MCI-CJ Walpole segregation any time they do not comply.

B) Issue a Prospective Mandatory Permanent Injunction, enjoining the defendants', their officers, agents, employees, successors and servants, and those acting in consert with the defendants', and ordering the immediate classification and transfer of plaintiff to any level State Prison Facility for the safty and security of the plaintiff from further destruction of plaintiff's property and threats to his life. Citing 18 U.S.C.A. 3626 (g)(2)(Retroactive), also, see plaintiff's motion for (PRO) and P.I. filed in company with this complaint.

B-1) Pursuant to Mandatory Declartory Judgment, 26 U.S.C.A. § 7421 (a) Anti-Injunction Act, does not prevent District Court from issuing a declaratory judgment, where as an injunction might (would) moot plaintiff's demand for a Prospective Mandatory and Injunctive Relief. Also, plaintiff avers under penalty of perjury that he is a "NON-TAXPAYER" and the United States is a PARTY in this Civil Rights Action, thus the government has an interest in the

(36)

money damages if awarded, and in this manner the United States is assured of prompt collection of its lawful revenue of taxes of the defendants' "EQU-ITABLE, REAL ESTATE PROPERTY, OR ASSET[S] and ATTACHMENT[S]".

C) Grant Relief In General Damages, of $ 300.00, against each of the defendants' in their individual, official, personal, jointly and severally capacities and entities, per day for each day unlawfully held in MCI-CJ Walpole segregation, and for the attendent deprivations, atypical and significant hardships and injuries plaintiff has suffered. Also, citing the (Bivens) claims and Federal Torts Claims Act FOR ANY FEDERAL OFFICIAL that works with State Officials in the DEPARTMENT OF CORRECTIONS OF MASSACHUSETTS, and TITLE VII; Massachusetts Civil Rights Act (MCRA), M.G.L.A. c. 12 § 11-I (Statutory Violation), and U.S.C.A. Const. Amends. 1, 8, 14 §§ 1,5, for retalitory cruel and unusual punishment, malicious destruction of personal property, unlawful disciplinary confinement and emotional and mental injuries described in this complaint.

D) Grant Relief In Compensatory Damages, $ 100.000.00, against each of the defendants' in their individual, official, personal, jointly and severally capacities and entities. Also, citing the (Bivens) claims and Federal Torts Claims Act FOR ANY FEDERAL OFFICIAL that works with State Officials in the DEPARTMENT OF CORRECTIONS OF MASSACHUSETTS, and TITLE VII; Massachusetts Civil Rights Act (MCRA), M.G.L.A. c. 12 § 11-I (Statutory Violation), 231A § 1 (State Declaratory Judgment), U.S.C.A. Const. Amends. 1, 8, 14 §§ 1,5, also, C.F.R.'s pertaining to said issues, judicial relief and remedial statues under the enforcement clause, U.S.C.A. Const. Art. 6. cl. 2 (Supremacy Clause) for the following defendants':

1) $ 1000.000.00 against defendant Kathleen M. Dennehy, employed as Commissioner for the Department of Corrections;

2) $ 100.000.00 against defendant David Nolan, employed as Superintendant
of MCI Cedar Junction at Walpole;

3) $ 100. 000.00 against defendant Joseph D. Cummings, employed as a Corre-
ctional Officer at MCI Cedar Junction;

4) $ 100.000.00 against defendant Keven M. Ohearn, employed as Disciplinary
Officer of MCI Cedar Junction at Walpole;

5) $ 100.000.00 against defendant Mike DiNapoli, employed as Chairman of the
East Wing Review Board for Departmental Segregation Units (D.S.U.) at MCI Ce-
dar Junction;

6) $ 100.000.00 against defendant Ann Marie Aucoin, employed as Institutional
Grievance Cooordinator (IGC) at MCI Cedar Junction;

7) $ 100.000.00 against defendant Fran Berghaus, employed as SGT. and Prop-
erty Officer at MCI Cedar Junction; and

8) $ 100.000.00 against defendant Michael H. Sheehan, employed as a Correct-
ional Officer at MCI Cedar Junction. Id.The injuries described in this complaint.

E) Grant Relief In Punative Damages, $ 50.000.00, against each fo the defe-
ndants' in their individual, official, personal, jointly and severally capa-
cities and entities. Also, citing the (Bivens) claims and Federal Torts Cla-
ims Act FOR ANY FEDERAL OFFICIAL that works with State Officials in the DEPA-
RTMENT OF CORRECTIONS OF MASSACHUSETTS, and TITLE VII; Massachusetts Civil
Rights Act (MCRA), M.G.L.A. c. 12 § 11-I (Statutory Violation, and U.S.C.A.
Const. Amends. 1, 8, 14 §§ 1,5, also, C.F.R.'s pertaining to said issues,
judicial relief and remedial statues under the enforcement clause, U.S.C.A.
Const. Art. 6. cl. 2 (Supremacy Clause) for the following defendants':

1) $ 50.000.00 against defendant Kathleen M. Dennehy, employed as Commissi-
oner for the Department of Corrections;

2) $ 50.000.00 against defendant David Nolan, employed as Superintandant of MCI Cedar Junction at Walpole;

3) $ 50.000.00 against defendant Joseph D. Cummings, employed as a correctional Officer at MCI Cedar Junction at Walpole;

4) $ 50.000.00 against defendant Keven M. Ohearn, employed as Disciplinary Officer of MCI Cedar Junction at Walpole;

5) $ 50.000.00 against defendant Mike DiNapoli, employed as Chairman of the East Wing Review Board for Departmental Segregation Units (D.S.U.) of MCI Cedar Junction at Walpole;

6) $ 50.000.00 against defendant Ann Marie Aucion, employed as Institutional Grievance Coordinator (IGC) of MCI Cedar Junction at Walpole;

7) $ 50.000.00. against defendant Fran Berghaus, employed as SGT. and property Officer of MCI Cedar Junction at Walpole; and

8) $ 50.000.00. against defendant Michael H. Sheehan, employed as a correctional Officer of MCI Cedar Junction at Walpole. Id. Injuries in complaint.

F) Grant Any Such Other BIFURCATION RELIEF, as it may appear that the plaintiffis entitled to in this Civil Rights Action, U.S.C.A. Const. Art. 6 cl. 2 (Supremacy Clause) for the defendants' named herein.

G) Enjoin the defendants', and their officers, agents, employees, successors, and servants and those acting in consert with the defendants' from RETALIATING AGAINST THE PLAINTIFF FOR FILING THIS CIVIL RIGHTS ACTION.

H) Allow the plaintiff to amend this complaint should the need arise.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES TRIABLE BY A JURY

11 / 3 /2004

Respectfully Submitted,

CONRAD V. MURPHY, W-47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA 02071

AFFIDAVIT OF CONRAD V. MURPHY,

IN SUPPORT OF COMPLAINT

I, Conrad V. Murphy, swear and affirm under penalty of perjury
under United States Laws that the FACTS, as they appear in my
Civil Rights Action Complaint are true and correct of my own
knowledge.

Signed under penalty of purjury under United States Laws on
this __//__ , day __3__ , 2004 (28 U.S.C. § 1746 and 18 U.S.C. §
1621)

X _____

EXECUTED UNDER PENALTY OF PERJURY AS ATTEST, PURSUANT TO NOTARY
PUBLIC.

NOTARY PUBLIC

X _____ 11/3/04

NELSON ALVES

MY COMMISSION EXPIRES ON  4/21 , 2004

NELSON ALVES
Notary Public
Commonwealth of Massachusetts
My Commission Expires Apr 21, 2011

X _____

CONRAD V. MURPHY, # W-47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA 02071

COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.

CONRAD V. MURPHY

    PLAINTIFF

VS.

THE UNITED STATES, COMMONWEALTH OF
MASSACHUSETTS DEPARTMENT OF CORRECTIONS
COMMISSIONER, MCI CEDAR JUNCTION WALPOLE'S
SUPERINTENDANT AND HIS CHAIN OF COMMAND

    DEFENDANTS

SUED IN THEIR INDIVIDUAL AND OFFICIAL

    CAPACITIES AND ENTITIES

NOTICE OF APPEAL

Now comes the plaintiff in the above-referenced matter, pursuant to the Jurisdiction of complaint, notice is hereby given that Conrad V. Murphy, appeals to the United States Court of Appeals for the First Circuit from the **final judgment** entered in this Civil Rights Action.

_11_ / _3_ /2004

RESPECTFULLY SUBMITTED,

CONRAD V. MURPHY, W-47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SO. WALPOLE, MA 02071