COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

\* FORWARD TO \*
\* JUDGES CHAMBERS \*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 04-12724-JLT

---

CONRAD V. MURPHY
   PLAINTIFF,

vs.

UNITED STATES, et al.,
   DEFENDANTS.

:
:
: PLAINTIFF'S MEMORANDUM AND
: AFFIDAVIT IN SUPPORT OF APPLICATION
: TO PROCEED IN FORMA PAUPERIS,
: SUPPORTING DOCUMENTATION AND ORDER
: WITH EXHIBITS IN SUPPORT
:
:
:

---

## MEMORADUM

### STATEMENT OF THE CASE

Plaintiff has brought his Civil Rights Action under 42 U.S.C. § 1983 against individual Department of Correction Prison Officials, asserting Claims for Retalitory Crule and Unusual Punishment, Malicious Destruction of Personal Property and Unlawful Disciplinary Segregation, also, seeks a permanent restraining order and a preliminary injunction to ensure his proper care, custody and safty.

### ARGUMENT

#### POINT I

**THE PLAINTIFF STILL CONTINUES
TO SUFFER FROM FURTHER IRREPARABLE HARM**

The plaintiff is currently housed in Block 6 Cell # 11 (Population) after being released from unlawful disciplinary confinement in MCI-CJ segregation on October 22, 2004.

(2)

Due to "<u>unforeseen</u>" circumstances while being unlawfully held in disciplinary confinement in MCI-CJ segregation, plaintiff has been <u>deliberately</u> <u>delayed</u> in bringing this Civil Rights Action since March 22, 2004, up until November 3, 2004 by the defendants'.

Pursuant to Plaintiff's Affidavit In Support of his Motion For Mandatory Permanent Restraining Order And Preliminary Injunction submitted December 10, 2004, paragraph # 11 and exhibits attached thereto. The plaintiff avers under oath that one large yellow envelope was made out of three (3) yellow envelopes to create one envelope to hold all of plaintiff's papers to his Civil Rights Action was taken from his cell on October 7, 2004, during a major shakedown of Block 7, to which plaintiff did file an administrative complaint/grievance on the issue, and the envelope was never returned to the plaintiff.

Defendants' have stated and documented that plaintiff's claim is without evidence. In fact, by defendants' misconduct, they have gained an unfair advantage upon the plaintiff, and by this "particular-misconduct" has again "retaliated" "threatened" "coerced" and "unlawfully punished" plaintiff once again by writing false D-report on him and lying to conceal their "misconduct".

Pursuant to # 2 of plaintiff's exhibit package filed December 10, 2004, where the plaintiff states under oath that D-Report # 34531 was a false written report, and directs the attention to # 2 Offence; "violating any Dept. Rule or Regulation, that was dismissed at the order of defendant David Nolan, and from defendant Keven O'Hearn who was then ordered by defendant Nolan to just find the plaintiff "GUILTY" to just # 15 offence; Poss/Manuf/Intro of a Weapon, the more <u>serious</u> of the **two**.

Pursuant to exhibit # 1 A attached hereto, where the same defendant

Keven O'Hearn who is employed here at MCI Cedar Junction as the Disciplinary Official and Disciplinary Hearing Official, wrote a false D-Report on the plaintiff, and **only** charged the plaintiff with # 2 offense; "Violating any Dept. Rule or Regulation" the same offense that defendant O'Hearn was ordered by defendant Nolan to **DISMISS** in regards to D-Report # 34531.

Defendants' unfair advantage upon the plaintiff when given identical analysis under the circumstances at issue now corroborates the plaintiff's claims of "RETALITORY CRULE AND UNUSUAL PUNISHMENT" as well as an act that is in direct violation of plaintiff's Civil Right, privileges and immunities, and of the clearly established right, in being free from such **PUNISHMENT**.

**WHEREFORE**, the plaintiff, Conrad V. Murphy, requests that this Honorable Court **grant** his Application To Proceed In Forma Pauperis.

Sent By Certified U.S. Mail
# 7004 1160 0001 4840 6828

_1_/_18_/ 2005

Respectfully Submitted,

*Conrad V. Murphy*

CONRAD V. MURPHY, W-47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SO. WALPOLE, MA 02071

## **AFFIDAVIT OF CONRAD V. MURPHY**

**I, Conrad V. Murphy, affirms under penalty of perjury:**

1. I am the plaintiff in this Civil Rights Action Case. I make this affidavit in support of my Application To Proceed In Forma Pauperis.

2. On December 10, 2004 plaintiff submitted for filing his self-prepared Civil Rights Complaint.

3. Complaint named various prison officials as defendants, inwhich, the plaintiff states for the record of **only** to the facts and events stated herein, the defendants' here are:

   * Defendant Keven M. O'Hearn, who is employed at MCI-CJ as Both the Disciplinary Hearing Officer and Disciplinary Officer.

   * Defendant Ann Marie Aucoin, who is employed at MCI-CJ as both the Institutional Grievance Coordinator (IGC) and Inner Perimeter Security Official.

   * Defendant David Nolan, who is employed at MCI-CJ as the Superintendant.

   * Defendant Kathleen M. Dennehy, who is employed by the Department of Corrections as the Commissioner.

4. On December 2, 2004 defendant Keven M. O'Hearn did write a false D-Report on the plaintiff alleging plaintiff was in violation of an institutional Rule.

5. Plaintiff was served with D-Report # 47441 on December 6, 2004.

6. Plaintiff filed an Administrative Complaint/Grievance on December 5, 2004 stating the **facts** of what **really happened** on 12/2/2004.

7. Grievance # 7297 was filed by defendant Aucion who did not review or independently investigate my claims and served the same on me, inturn, to which she passed the case onto "Internal Affairs".

8. On December 17, 2004, plaintiff moved and filed his disciplinary appeal in regards to D-Report # 47441 to defendant David Nolan, and to this date, defendant Nolan has not responded to plaintiff's appeal.

9. On December 28, 2004, plaintiff moved to appeal Administrative Complaint/Grievance # 7297, for reasons that he did not receive **no notice** from the Superintendent's Special Investigator, or NOTICE of any response as to his grievance # 7297.

10. On January 5, 2005, plaintiff was called to the MCI-CJ Captain's Office by Shiff Commander Captain John W. Broadbeck, who was the same prison official who introduced false information by authorizing the false D-Report # 47441 on 12/2/2004, and was also accompanied by another prison official in the office, Sgt. Robert Bailer.

11. While in the Capt's Office, Capt. Brodbeck stated to the plaintiff "that he was assinged to look into plaintiff's grievance # 7297 and thats why plaintiff was called to his office".

12. Plaintiff stated to official Brodbeck "If we were to talk about grievance # 7297, I would need a copy of any document which states that he was assigned to look into grievance # 7297".

13. Official Broadbeck then stated to the plaintiff " you stated allegations against an officer here at Cedar Junction, so I'm going to let you go back to your cell and come back here at 1:30pm. with proof to support your claims that this official Keven O'Hearn filed a false report on you, and if you don't have any evidence to support

your claims, I will take immediate disciplinary action against you".

14. On January 6, 2005, plaintiff was called back down to the Capt's Office by Capt. John W. Broadbeck and this official then stated to the plaintiff "do you have your proof?".

15. Plaintiff then replied by stating to official Broadbeck, "I see that you have there a copy of the grievance with a paper attached to it, and would that be the paper to which you refer that you was assigned to this investigation?"

16. Official Broadbeck answered "yes" he was assigned to <u>look into</u> the grievance # 7297 and that was the paper attached to the grievance.

17. Plaintiff then stated to official Broadbeck " I would need a copy of that paper because I was not given no notice nor has anyone investigated my claims".

18. Official Broadbeck then stated to the plaintiff " where is your proof?"

19. Official Broadbeck then became very "<u>BELLIGERENT</u>" "<u>COERCIVE</u>" and "<u>THREATENING</u>", then stating to the plaintiff "if I find that there is no evidence supporting your claims, <u>I will see to it personally that you are disciplined to the fullest extent of MCI Cedar Junction</u>!!! (Emphasis Added).

20. Official Broadbeck stated this to the plaintiff in using the plaintiff's disciplinary appeal to defendant Nolan against him.

21. In accordance with State Law, the plaintiff is exhausting his right to the grievance procedure thus, this official Broadbeck has now violated plaintiff's due process rights by **OBSTRUCTING the investigation**

**of official Keven O'Hearn**, in accordance with M.G.L.A. c. 127 § 38E (3).

22. Official Broabeck has knowingly introduced false and misleading statements to me by stating that " he was assigned to resolve/look into grievance # 7297" to which the plaintiff has not received any NOTICE of official Broadbeck being assigned to anything.

23. Official Broadbeck is not only the same official who authorized the false D-Report # 47441, the false D-Report # 34531 which is at the **heart of the controversy of plaintiff's Civil Action 42 U.S.C. § 1983.**

I, Conrad V. Murphy, swear and affirm under penalty of perjury under United States Laws that the facts and statements as they appear in this affidavit are true and correct of my own knowledge.

Signed under penalty of perjury under United States Laws on this _18_, day of _JANUARY_, 2005 (28 U.S.C.§1746 and 18 U.S.C.§ 1621)

x _Conrad V. Murphy_

x _Conrad V. Murphy_

Sent By Certified U.S. Mail
# 7004 1160 0001 4840 6828

_/ / 18 /2005_

CONRAD V. MURPHY, W-47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA 02071



EXHIBIT 1A
10 PAGES

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### DISCIPLINARY REPORT

| | | | | | |
|---|---|---|---|---|---|
| **Inmate** | MURPHY, CONRAD | **Commit No** | W47737 | **Housing Unit** | BLOCK 6 |
| **Date** | 02-DEC-2004 | **D- Report No.** | 47441 | **Institution** | MCI CEDAR JUNCTION |

**OFFENSE(S) & CODE NO.:**
02-VIOLATING ANY DEPARTMENT RULE OR REGULATION

**Major** [X]    **Minor** [ ]

**Description of Offense(s)**

On 12/1/04 at approx. 7:35am I Officer O'Hearn was assigned by Lt. Perry the exit/entrance door of the inmate dinner hall, to pat search every inmate exiting and entering the dinner hall. This reporting officer stopped inmate Conrad Murphy (W47737) who was exiting the dinner hall and performed a pat search. At this time several sugar packages were discovered in this inmate's shirt pocket. The inmate was told to dispose the sugar packages in the trash receptacle, to which he complied. I then informed inmate Murphy he would be receiving a disciplinary report for his action, he replied "ok" then left the area.

**Has Inmate been placed on Awaiting Action Status**    Yes [X]    No [ ]

**Referred to DA** [ ] Yes [X] No    **Referred to DDU** [ ] Yes [X] No

**Reporting Staff**  Kevin Ohearn M    **Date** 02-DEC-2004    **Time** 08:42

**Days off**  Sun  Sat
**Shift**  7x3

**Shift Commander**  John Brodbeck W    **Date** 02-DEC-2004    **Time** 12:03

**Disciplinary Officer**  Ernest Therien J    **Date** 03-DEC-2004    **Time** 07:00

**Results**  GUILTY

| Code Description | Sanctions | Start Date | End Date | # of Units | SS |
|---|---|---|---|---|---|
| 02-VIOLATING ANY DEPARTMENT RULE OR REGULATION | Loss Canteen | | 20041213 | 14 | |
| | Loss Telephone | | 20041213 | 14 | |

**Reviewing Authority**    **Date**    **Time**

EXHIBIT #1

20041213 09:38

# MASSACHUSETTS DEPARTMENT OF CORRECTION
## DISCIPLINARY HEARING

INMATE: **MURPHY, CONRAD**          #: **W47737**     Unit/Cell/Bed: **BLOCK 6/11/A**
REPORT #: **47441**     DATE OF REPORT: **12/02/04**          Type: **Major**
REFERRED to DA: **No**     OFFENSE: **2**
DATE OF HEARING: **12/13/04**          HEARING OFFICER: **Catalano, Anthony M**
HEARING HELD AT: **East Wing Treatmnt & Disc Area**

1. The inmate was given at least 24 hours notice of the hearing (if no attach 24 waiver)     YES  **X**     NO

2. The inmate is present before the hearing officer (if not, attach refusal to appear form)  YES  **X**     NO

3. The inmate has been advised of his right to remain silent, since the offense charged has, or may be referred to the District Attorney. The inmate has been further advised that his silence may be used to draw an adverse inference against him, but his silence alone may not be used to support a guilty finding     YES          NO  **X**

4. The inmate requested representation
   The inmate is represented by an attorney/law student  YES          NO  **X**
   Name of legal representative:

5. The inmate requested the presence of the reporting staff
   The reporting staff person is present          YES          NO  **X**
   If the inmates request was denied, indicate the reason:
   **Not requested**

6. Inmate challenges impartiality of the Hearing Officer.     YES          NO  **X**
   If yes, state reasons why:
   **N/A**

7. Witness: if None requested, check here
   A. REQUESTED BY INMATE: (If any witness request is denied, a written explanation of the reasons must be included as part of the record)
   B. REQUESTED BY HEARING OFFICER:

****************************************************************************

8. Presentation of evidence:
   A. Inmate Statement
   PLEA: **Not Guilty**
   Statement in defense(summary):
   **Inmate Murphy states that the actual report written is not what happen. He did not have any sugar packets or contraband. Inmate Murphy also reads from a grievence that he filed in which he alledges that the report written is a direct result of him filing legal action against Ofc.O'Hearn. Inmate Murphy also states that during this pat search Ofc.O'Hearn whispered racial a disparaging comments at him.**
   B. Reporting Staff Person's Statement:


   C. Other Statements: (If witness has been denied, indicate reasons for denial in this space)

EXHIBIT #2

**MASSACHUSETTS DEPARTMENT OF CORRECTION**

**DISCIPLINARY HEARING**

INMATE: **MURPHY, CONRAD**          #: **W47737**     Unit/Cell/Bed: **BLOCK 6/11/A**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

D. Documentary Evidence:
In addition to the Disciplinary Report, The Hearing Officer accepted into evidence, and considered the following documents, physical evidence, photographs/video tapes:

N/A

Evidence Requested by inmate

**None requested**

Statement Of Evidence Relied Upon To Support Findings:

**Statement of evidence relied upon the r/o's written report as it represents a fair and equitable accounting of the events that took place. The r/o states in his report that every inmate was to be oat searched exiting the chowhall. As Inmate Murphy approached, a pat searched was conducted in which the inmate was found to be in possession of several sugar packets(2). It should be noted that inmates are not allowed to remove any food items from the dining hall without approval.**

**Sanction Rationale: Sanction setforht to inform the inmate that his disregard fro institutional rules willnot be overlooked.**

The inmate has been advised of the Hearing Officer's decision & a copy of document has been delivered to the inmate.     **Yes**

Hearing Officer **Catalano, Anthony M**          Date **12/13/04**     Time

The inmate has been advised of his/her right to appeal this desicion within 5 days of his/her receipt; to the Superintendent:     **Yes**

Staff Signature _[signature]_          Date 12/13/04     Time

EXHIBIT #3

TO: DAVID NOLAN
    SUPERINTENDANT
FROM: CONRAD V. MURPHY, W-47737, BLK. 6 # 11
DATE: 12/17/2004
RE: DISCIPLINARY APPEAL # 47441

I, hereby demand that disciplinary report # 47441 be reversed and said report expunged from my DOC files/record(s), on the grounds that report # 47441 is sundry allegations of a violation of a disciplinary infraction alleged against me by Keven M. O'Hearn in retaliation for me filing legal action on him. Pursuant to Administrative Complaint/Grievance # 7297 which was filed on the 5th of December 2004, a day before i received the false D-Report # 47441 alleged by C/O Keven M. O'Hearn. A.C./Grievance # 7297 states in part " On 12-2-2004 (the day in question), at approx. 7:50am. while exiting the chow hal, I was stopped again by C/O Keven O'Hearn and at this time this same official did state to me "Conrad! pat search!." At this time this official was pat searching me, he did state to me in a very low voice "you piece of shit muslim, you filed a Law Suit on me, so now I'm going to write you up the first chance I get!!!" After the pat search had ended, this official stated to me "get relaxed, because you'll be locked in for a long time for that suger I'll say I found in your pocket!!!"

I demand that D-Report # 47441 be expunged from records and that an official investigation be conducted for the staff/official misconduct under your chief authority of this prison. Be advised, any <u>inaction</u> you take shall be taken not only as a final denial, and also a <u>failure to act</u>, thus, any action or recourse you take as "<u>Arbitrary</u>" as a result of this appeal, I will see to it personally that you and your successors § 1-201(42), and everyone who is directly or indirectly involved is prosecuted to the fullest extent of the law.

cc: File.

CONRAD V. MURPHY, W-47737
MCI CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA 02071

x *Conrad V. Murphy*

EXHIBIT # 4

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM
### FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)

| | | | |
|---|---|---|---|
| **Name** | MURPHY CONRAD | **Grievance#** 7297 | **Institution** MCI CEDAR JUNCTION |
| **Commit No.** | W47737 | **Housing** BLOCK 6 | **Date Of Incident** 20041202 **Date Of Grievance** 20041205 |

**Complaint**
On 12-2-2004, at approx. 7:40am while exiting Block 6 (where I am housed) to go for breakfast chow, I reached the checkpoint at the entrance of the chow hall, I was stopped by C/O Kevin O'Hearn, who is employed at MCI CJ Disciplinary Hearing and Official, and this official stated to me "Conrad! pat search!" I did comply at this time without incident and continued on inside the chowhall. At approx. 7:50am whilde exinting the chowhall, I was again stopped by C/O Kevin O'Hearn, and at this time this same official did state to me "Conrad! pat search!". At this time this official was pat searching me, he did state to me in a very low voice "you piece of shit muslim, you filed a Law Suit on me, so now I'm going to write you up the first chance I get!!!" After the pat search had ended, this official stated to me "get relaxed, because you'll be locked in for a long time for that sugar I'll say I found in your pocket!!!"

**Remedy Requested**
Due to the circumstances in this case, I strongly request that either Officer Kevin O'Hearn or I be permanantly transferred out of this institution for safety and security concerns. In addition, I request for this complaint be documented and attached into officer O'Hearn's record and with orders to prevent offecer O'Hearn or any other prison official from retaliating against me for filing this administrative complaint.

**Staff Recipient** Aucoin Ann Marie CO I

**Staff Involved** Ohearn Kevin M CO I

**Signature**

---

### RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20041208  **Decision Date** 20041215

**Signature** Aucoin Ann Marie CO I

**Final Decision** Referred to Internal Affairs

**Decision** Due to the nature of your allegations, this grievance has been forwarded to the Superintendent Office for review and appropriate response.

**Signature** [signed]  **Date** 12/15/04

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

### INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Name** | MURPHY CONRAD | | **Institution** MCI CEDAR JUNCTION |
| **Commit No.** | W47737 | **Grievance#** 7297 | **Date Received** 20041208 |

**Signature.** Aucoin Ann Marie CO I

EXHIBIT #5

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE APPEAL FORM
### FORWARD TO SUPERINTENDENT


# 7297

| | | | | |
|---|---|---|---|---|
| **Name** | MURPHY CONRAD | | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W47737 **Housing** BLOCK 6 | | **Appeal Date** 28-DEC-2004 | **Date Of Grievance** 05-DEC-2004 |
| | | | **Appeal Received Date** | 29-DEC-2004 |

**Appeal**  Pursuant to Administrative Complaint/Grievance # 7297, where Ann Marie Aucion who is employed here at MCI-CJ as both the Inner Perimeter Security (I.P.S.) Oficial and the Institutional Greivance Coordinator. Ann Marie Aucoin processed A.C./Grievance without reviewing or independently investigating the allegations contained therein and served the same on me. A.C./Grievance # 7297 stated "C/O Keven O'Hearn stopped me at the entrance of the chow hall for a pat search and this was done without incident." However, "while exiting the chow I was stopped once again by C/O Keven O'Hearn for another pat search and at this time he stated to me in a low voice "you piece of shit muslim, you filed a law suit on me, so now I'm going to write you up the first chance I get!!!" and "get relaxed, because you'll be locked in for a long time for that suger I'll say I found in your pocket!!!" I.P.S. Official Ann Marie Aucoin has knowingly introduced false and misleading statements and information to support C/O Keven O'Hearn against me. The A.C./Grievance TYPE was checked "Retaliation" and there has not been an investigation into my complaint. I now move this appeal and request BOTH INVESTIGATIVE REPORTS of A.C./Grievance # 7297:

**Remedy Requested**
1) The investigative report from Ann Marie Aucoin as her 'TITLE' under Institutional Grievance Coordinator/Correction Officer I.
2) The investigative report from Ann Marie Aucoin as her 'TITLE' under Inner Perimeter Security Official.

Under 2 (two) different job titles shall be 2 (two) separate investigations, which poses a 'conflict of interest' and as a result is in direct violation of my State, Federal and Constitutional Rights. I hereby request both investigative reports on how she came to her "FINAL DECISION" of A.C./Grievance #7297.

**Staff Recipient**  Aucoin Ann Marie  CO I

**Signature**  _____

---

## DECISION BY SUPERINTENDENT

**Appeal Received Date**  29-DEC-2004    **Decision Date**  _____    **Decision**  _____

**Decision By**  _____

**Reasons**  _____

**Signature**  _____    **Date**  _____

---

## INMATE RECEIPT

| | | | |
|---|---|---|---|
| **Inmate's Name** | MURPHY CONRAD | **Institution** | MCI CEDAR JUNCTION |
| **Number** | W47737 | **Appeal Received Date** | 29-DEC-2004 |
| **Staff Recipient** | Aucoin Ann Marie  CO I | | |

**Superintendent's Signature**  _[signature]_

EXHIBIT #6

SENT BY U.S. CERTIFIED MAIL # 7004 1160 0001 4840 8037

TO: KATHLEEN M. DENNEHY
    COMMISSIONER FOR THE DEPARTMENT OF CORRECTIONS
FROM: CONRAD V. MURPHY, W-47737
DATE: 1/10/2005
RE: INVESTIGATION INTO THE STAFF/OFFICIAL MISCONDUCT WITHIN MCI CEDAR JUNCTION. IN ACCORDANCE WITH G.L. c. 124 § 1 (i).

    Pursuant to the attached enclosed Administrative Grievance # 7297, which was referred to INTERNAL AFFAIRS. As of this date, no one from INTERNAL AFFAIRS or the SUPERINTENDENT'S SPECIAL INVESTIGATOR has investigated my claims. On 1/5/05, at approx. 10:15am. I was called to the CAPT'S office by Shiff Commander Capt. John W. Brodbeck, who was also with Sgt. Robert Bailer, prison official Brodbeck stated to me "He was assinged to look into grievance # 7297 and thats why I was called down to his office." I stated to this official "that if we was to talk at all about this case, I'm going to need a copy of the document which states that he was assigned to this case." This official Brodbeck then stated to me " you stated allegations against an officer here at Cedar Junction, so I'm going to let you go back to your cell and come back here at 1:30pm. with proof to support your claims that this official Keven O'Hearn filed a false D-Report on you, and if you don't have any evidence to support your claims, I will take immediate disciplinary action against you."
On 1/6/05 at approx. 2:30pm. I was called again to the CAPT'S office once again by Capt. John W. Brodbeck and this official stated to me "do you have your proof?" I replied by stating " I see that you have there a copy


EXHIBIT #7

SENT BY U.S. CERTIFIED MAIL # 7004 1160 0001 4840 8037

TO: KATHLEEN M. DENNEHY
    COMMISSIONER FOR THE DEPARTMENT OF CORRECTIONS
FROM: CONRAD V. MURPHY, W-47737
DATE: 1/10/2005
RE: INVESTIGATION INTO THE STAFF/OFFICIAL MISCONDUCT WITHIN MCI CEDAR JUNCTION. IN ACCORDANCE WITH G.L. c. 124 § 1 (i).

Pursuant to the attached enclosed Administrative Grievance # 7297, which was referred to INTERNAL AFFAIRS. As of this date, no one from INTERNAL AFFAIRS or the SUPERINTENDENT'S SPECIAL INVESTIGATOR has investigated my claims. On 1/5/05, at approx. 10:15am. I was called to the CAPT'S office by Shiff Commander Capt. John W. Brodbeck, who was also with Sgt. Robert Bailer, prison official Brodbeck stated to me "He was assinged to look into grievance # 7297 and thats why I was called down to his office." I stated to this official "that if we was to talk at all about this case, I'm going to need a copy of the document which states that he was assigned to this case." This official Brodbeck then stated to me " you stated allegations against an officer here at Cedar Junction, so I'm going to let you go back to your cell and come back here at 1:30pm. with proof to support your claims that this official Keven O'Hearn filed a false D-Report on you, and if you don't have any evidence to support your claims, I will take immediate disciplinary action against you."
On 1/6/05 at approx. 2:30pm. I was called again to the CAPT'S office once again by Capt. John W. Brodbeck and this official stated to me "do you have your proof?" I replied by stating " I see that you have there a copy



EXHIBIT # 7

of the grievance with a paper attached to it, and would that be the paper to which you refer that you was assigned to this investigation?" This official Brodbeck stated to me " yes " I stated " I would need a copy of that paper because I was not given no notice nor has anyone investigated my claims." This official Brodbeck stated to me " where is your proof?" I replied by stating " I need a copy of that paper before we talk about the grievance." This official then got very "BELLIGERENT" "COERCIVE" and "THREATENING", then stating to me "If I find that there is no evidence by supporting your claims, I will see to it personally that you are disciplined to the fullest extent of MCI CEDAR JUNCTION!!!" (Emphasis Added). This was stated by official Brodbeck in using a line from my Disciplinary Appeal filed 12/17/2004 to David Nolan, Superintendent, of D-Report # 47441, which was a false written report alleged against me by Keven O'Hearn in "retaliation" for me filing legal action on him. In accordance with G.L. c. 127 § 38E I am exhausting the administrative grievance system, thus, this official Brodbeck has violated my due process rights by obstructing the investigation of official Keven O'Hearn, in accordance with § 38E (3).

Official Brodbeck has knowingly introduced false and misleading statements to me by stating that "he was assigned to resolve grievance #7297" which I have not received any NOTICE of this official Brodbeck being assigned to anything. In accordance with G.L. c. 30A § 1 (Notice and Hearing) regulation.

I hereby demand that the COMMISSIONER'S OFFICE investigate the Official misconduct within MCI CEDAR JUNCTION and the Grievance of #7297.



EXHIBIT # 8

(3)

## AFFIDAVIT OF CONRAD V. MURPHY

I, Conrad V. Murphy, swear and affirm under penalty of perjury under United States Laws that the facts and statements as they appear in this letter are true and correct of my own knowledge.

Signed under penalty of perjury under United states Laws on this __1__, day of __10__, 2005 (28 U.S.C. 1746 and 18 U.S.C. § 1621)

X _Conrad V. Murphy_

_Conrad V. Murphy_
CONRAD V. MURPHY
<u>PRO</u> <u>SE</u> <u>LITIGANT</u>
MCI CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA 02071

DATE: 1 / 10 /2005

cc: NORFOLK DISTRICT ATTORNEY
    WILLIAM R. KEATING
    45 SHAWMUT ROAD
    P.O. BOX 380
    CANTON, MA 02021

FILE.

EXHIBIT #9

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _Sara Stoico_  ☒ Agent  ☐ Addressee<br>B. Received by (Printed Name): SARA STOICO   C. Date of Delivery: 1-20-05 |
| 1. Article Addressed to:<br>KATHLEEN M. DENNEHY<br>COMMISSIONER OF CORRECTIONS<br>50 MAPLE ST., SUIT 3<br>MILFORD, MA 01757-3698<br>TITLE 39 § 3012 (LEGAL MAIL)<br>28 C.F.R. § 540.71 (b) | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered   ☒ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)   ☐ Yes |
| 2. Article Number (Transfer from service label): 7004 1160 0001 4840 8037 | |
| PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540 | |

EXHIBIT #10