```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

CONRAD V. MURPHY,              )
          Plaintiff,           )
                               )
     v.                        )   C.A. No. 04-12724-JLT
                               )
                               )
THE UNITED STATES, et al.,     )
          Defendants.          )
```

MEMORANDUM AND ORDER

For the reasons stated below, (1) the United States is dismissed as a party to this action; (2) the Clerk shall be directed to correct the docket and case caption for this action; and (3) plaintiff's motion (Docket No. 9) for mandatory expedited resolution of in forma pauperis proceedings is allowed.

DISCUSSION

Plaintiff Conrad V. Murphy, an inmate at MCI Cedar Junction ("Cedar Junction"), brings this civil rights action pursuant to several federal and state statutes seeking equitable and monetary relief.

The case caption of the complaint identifies the defendants as (1) the United States; (2) the Commissioner of Correction; and (3) the Superintendent of MCI Walpole. See Complaint. In contrast, the body of the complaint names (1) Kathleen M. Dennehy, the Commissioner of the Massachusetts Department of Correction ("DOC"); (2) David Nolan, the Superintendent of Cedar Junction; (3) Joseph D. Cummings, correctional officer; (4) Keven M. Ohearn, disciplinary officer; (5) Mike DiNapoli, chairperson

of the East Wing Review Board; (6) Ann Marie Aucion, Institutional Grievance Coordinator; (7) Fran Berghaus, property officer; and (8) Michael H. Sheehan, correctional officer. Id. at ¶¶ 6-14. Plaintiff also identifies Cedar Junction inmate Napier Traylor as a "necessary party" to the litigation pursuant to Rule 19 of the Federal Rules of Civil Procedure. Id. at ¶ 5.

Although plaintiff alleges that inmate Traylor is a necessary party to the litigation, the burden is on the movant to show the need for joinder. See; Fed. R. Civ. P. 19(a);[1] Wright & Miller § 1359. Here, plaintiff has not named inmate Traylor as a party and has not suggested why he has an interest in the instant controversy. Accordingly, he will not be named as a party to this action at this time.

The Court also recognizes that although the case caption of

---

[1] Rule 19(a) provides in pertinent part:
"(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action."

the complaint names the United States as a defendant, the complaint itself contains no allegations of fact concerning the United States. Accordingly, the United States is dismissed as a party to this action. The Clerk will be directed to correct the case caption to indicate Commissioner Dennehy as the lead defendant in this action.

Finally, by separate order the Court has allowed plaintiff's application to proceed in forma pauperis. Accordingly, it is hereby

ORDERED, the United States is dismissed as a party to this action pursuant to 28 U.S.C. §§ 1915(e), 1915A; and it is further

ORDERED, the Clerk shall correct the docket to list the defendants as follows: (1) Kathleen M. Dennehy, the Commissioner of the Massachusetts Department of Correction ("DOC"); (2) David Nolan, the Superintendent of Cedar Junction; (3) Joseph D. Cummings, correctional officer; (4) Keven M. Ohearn, disciplinary officer; (5) Mike DiNapoli, chairperson of the East Wing Review Board; (6) Ann Marie Aucion, Institutional Grievance Coordinator; (7) Fran Berghaus, property officer; and (8) Michael H. Sheehan, correctional officer; and it is further

ORDERED, the Clerk shall correct the case caption to indicate Commissioner Dennehy as the lead defendant in this action; and it is further

ORDERED, plaintiff's motion (Docket No. 9) for mandatory

expedited resolvement of in forma pauperis proceedings is allowed.

SO ORDERED.

Dated at Boston, Massachusetts, this  20th   day of  April , 2005

                                   /s/ Joseph L. Tauro  
                                  JOSEPH L. TAURO  
                                  UNITED STATES DISTRICT JUDGE