COMMONWEALTH OF MASSACHUSETTS

UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UINITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ :
                                          :
    CONRAD V. MURPHY,                     :
        PLAINTIFF,                        :        PLAINTIFF'S BRIEF IN SUPPORT OF
                                          :        FURTHER ENLARGEMENT OF TIME
           VS.                            :
                                          :
    KATHLEEN M. DENNEHY, et al.,          :
        DEFENDANTS.                       :
                                          :
                                          :
                                          :
_____ :

## STATEMENT OF THE FACTS

On June 29, 2005, plaintiff was served with defendants copy of the following:
(1) Corrected Notice of Appearance, (2) Defendants' Motion to Dismiss, (3)
Defendants' Motion to Waive Local Rules 7.1 (A)(2) and 37.1, (4) Defendants'
Memorandum of Law in Support thereof (ONLY a total of 3 pages #1,#2 and 16),
attached hereto as Exhibit A. Plaintiff then filed his First motion to further
enlargement of time on 7/1/2005, and sent a copy to the defendants' attached
hereto as Exhibit B. Plaintiff then was served by hand on 7/14/2005 a full and
complete copy of the above attached hereto as Exhibit C, by the PARALEGAL Ms.
Cheryl Maher, here at MCI Cedar Junction.

Now the plaintiff submits his Second Motion To Further Enlargement of time
due to his being recently employed and assigned to work in the institutional
kitchen, attached hereto as Exhibit D, which is in conflict with his access to
the law library, attached hereto as Exhibit E.

### ARGUMENT

#### POINT I

**DEFENDANTS ARE IMPEDING PLAINTIFF'S ACCESS TO LAW LIBRARY BY EMPLOYING HIM.**

Plaintiff contends that a PRISON JOB is not a RIGHT, and it is indeed a PRIVILEGE. Dupont V. Saunders, 800 F.2d 8, 10 (1st Cir. 1986). To maintain this PRIVILEGE, plaintiff has made it a point to keep his job by going to his job and doing all asked of him. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. See Baker V. McNeil Island Corrections Center, 859 F.2d 124, 128 (9th Cir. 1988); that the defendants chose to hire the plaintiff to hinder his access to the law library in order to prevent the plaintiff from responding to defendants Motions to Dismiss.

The relevant subject matter involved in this Motion is the lack of access to the Law Library the plaintiff has due to his prison job.

Both schedules for plaintiff's library access and prison job is as follows:

Pursuant to Exhibit D, where the plaintiff has library access 2 (two) times a week for "only" 2 (two) hours each period. See the Unit Entitled B-1 which really means Block 2, the Unit the plaintiff is now currently housed to this date, inwhich the times are as follows; Tuesdays at 6:30pm to 8:30pm, Thursdays at 6:30pm to 8:30pm, Fridays at 1:30pm to 3:30pm, Saturdays at 8:30 to 11:30am and Sundays at 1:30pm to 3:30pm.

Pursuant to Exhibit E, plaintiff's job schdule is as follows; Sundays at 1:30pm to 7:30pm, Mondays at 1;30pm to 7:30pm, Tuesdays at 1:30 to 7:30pm, Wednesdays at1:30pm to 7:30pm, Thursdays at 1:30pm to 7:30pm, with the exception of Fridays and Saturdays where the plaintiff has these two days off.

POINT II


**PLAINTIFF'S ACCESS TO LAW LIBRARY IS RELEVANT TO HIS OPPOSITION MOTION TO DEFENDANTS' MOTION TO DISMISS**

The plaintiff contends that by the defendants' employing him, <u>takes away time</u> from his access to Law Library, thus, if the plaintiff does not respond in Opposition to defendants' Motion To Dismiss, defendants' Motion then can be treated as one for Summary Judgement and disposed of as provided in Rule 56.

The plaintiff contends that the denial of adequate access to Law Library to research and to obtain copies and oppose the defendants' motions, the defendants' then obtain an un fair advantage and shifts an insuperable burden to the plaintiff.

Pursuant to Exhibit D where it states (pay period 2005 0625 (June 25th) to 0702 (July 2d)), and see Exhibit A p.1, the date on the envelope states June 29th 2005.

Plaintiff contends that he was hired to work on the 28th of June, one day earlier of the defendants' filing of their Motions.

The plaintiff contends that the defendants' semantical chicanery is but a calculated scheme to deprive the plaintiff of adequate access to Law Library and to prevent him from opposing <u>all</u> of defendants' Motions.


CONCLUSION

For the foregoing reasons, the Court should grant plaintiff's Second Motion To Further Enlargement of Time.


  7  /  25  /2005

cc: CERTIFICATE OF SERVICE

   I, hereby certify that a true copy of
the above documents was forwarded to defendants
Counsel on the above date.

x _Conrad V. Murphy_

Respectfully Submitted,

_Conrad V. Murphy_

CONRAD V. MURPHY, W47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SOUTH WALPOLE, MA 02071-0100



#1-8

Exhibit #1

If not delivered within five days, return to:
Legal Division
Department of Correction
70 Franklin Street, Suite 600
Boston, MA 02110-1300

10

02071+0100  01

Conrad Murphy (W47737)
MCI-Cedar Junction
P.O. Box 100
South Walpole, MA  02071





ExhiBit #2



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*Legal Division*
*70 Franklin Street, Suite 600*
*Boston, MA 02110-1300*
*(617) 727-3300 Ext. 124*
*www.mass.gov/doc*

Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James R. Bender
*Deputy Commissioner*

Nancy Ankers White
*General Counsel*

June 29, 2005

Clerk of the Court
United States District Court
1 Courthouse Way
Suite 2500
Boston, MA 02210

Re:    **Murphy v. Dennehy, *et al.***
       **NO. 04-12724-JLT**

Dear Sir or Madam:

Enclosed please find courtesy copies of the following:

(1)    Corrected Notice of Appearance (filed via ECF on 6/28/05 – typed signature added);
(2)    Defendants' Motion to Dismiss (filed via ECF on 6/28/05 – title corrected and typed signature added);
(3)    Defendants' Memorandum of Law in support thereof (filed via ECF on 6/28/05 – typed signature added);
(4)    Defendants' Motion to Waive Local Rules 7.1(A)(2) and 37.1 (filed via ECF on this date).

Thank you for bringing these issues to my attention.

Yours very truly,

Wendy C. Weber
Counsel

Enc.
cc: Conrad Murphy (W47737), MCI-Cedar Junction

PRINTED ON RECYCLED PAPER

EXhiBiT #3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-12724-JLT

CONRAD MURPHY,

    Plaintiff,

v.

KATHLEEN M. DENNEHY, *et al.*,

    Defendants.

COURTESY COPY
DO NOT SCAN

## **APPEARANCE**

Without waiving service of process or any defenses related thereto, the

undersigned counsel hereby enters her appearance on behalf of defendants Kathleen M.

Dennehy, David Nolan, Mike Dinapoli, Ann Marie Aucoin, Joseph D. Cummings, Fran

Berghaus, Keven [sic] O'Hearn, and Michael Sheehan.

Dated:  June 28, 2005

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

    /s/ Wendy C. Weber
Wendy C. Weber, Counsel
BBO No. 633950
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x189

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this date a true copy of the above document was served upon the plaintiff appearing *pro se* by first class mail.

Date:  \_\_\_\_\_June 28, 2005\_\_\_\_\_

    /s/ Wendy C. Weber
Wendy C. Weber, Counsel

Exhibit #4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-12724-JLT

CONRAD MURPHY,

Plaintiff,

v.

KATHLEEN M. DENNEHY, *et al.*,

Defendants.

**COURTESY COPY
DO NOT SCAN**

### DEFENDANTS'
### MOTION TO DISMISS

Now come the defendants in the above captioned matter and hereby move this

Court to dismiss each Count of the plaintiff's Complaint. As grounds therefore, the

defendants state that the plaintiff has failed to state any claim upon which relief may be

granted, pursuant to Fed.R.Civ.P.12(b)(6) and refer the Court to the Memorandum of

Law filed herewith.

WHEREFOR, the defendants respectfully request that this Court enter judgment

in their favor as to each count of the plaintiff's Complaint.

Dated: June 28, 2005

Respectfully submitted,

Defendants,

By their attorneys:
NANCY ANKERS WHITE
Special Assistant Attorney General

  /s/Wendy C. Weber
Wendy C. Weber, Counsel
BBO No. 633950
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x189

EXhiBit #5

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the plaintiff appearing *pro se* by first class mail.

Date: __June 28, 2005__         ____/s/ Wendy C. Weber_____
                                       Wendy C. Weber, Counsel

Exhibit # 6

COURTESY COPY
DO NOT SCAN

## CONCLUSION

WHEREFOR, the defendants respectfully request that the Court DISMISS each

of the counts discussed above for the reasons set forth herein.

Dated: June 28, 2005                          Respectfully submitted,

                                              NANCY ANKERS WHITE
                                              Special Assistant Attorney General

                                              _____/s/ Wendy C. Weber_____
                                              Wendy C. Weber, Counsel
                                              BBO No. 633950
                                              Department of Correction
                                              Legal Division
                                              70 Franklin Street, Suite 600
                                              Boston, MA 02110-1300
                                              (617) 727-3300 x189

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon the plaintiff
appearing *pro se* by first class mail.

Date: _____June 28, 2005_____          _____/s/ Wendy C. Wenber_____
                                       Wendy C. Weber, Counsel

16

EXHIBIT #7

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO.  04-12724-JLT

CONRAD MURPHY,

        Plaintiff,

v.

KATHLEEN M. DENNEHY, *et al.*,

        Defendants.

**COURTESY COPY
DO NOT SCAN**

## **DEFENDANTS' MOTION TO WAIVE**
## **LOCAL RULES 7.1 (A)(2) AND 37.1**

Defendants, through counsel, hereby move this Court to exempt them from the requirements of Local Rules 7.1 (A)(2) and 37.1.

In support of this motion, defendant states that plaintiff  Conrad Murphy is *pro se* in this action and is a prisoner incarcerated at MCI-Cedar Junction, a maximum security prison. As a result, to require defendant to attempt to confer with the plaintiff to resolve or narrow issues relevant discovery disputes and other motions, pursuant to Local Rules 7.1 (A)(2) and 37.1, would be unduly burdensome and serve no purpose.

EXhibit # 8

Wherefore, the defendant respectfully requests that this Court exempt it from the requirements of Local Rules 7.1 (A)(2) and 37.1.

Dated: June 29, 2005

Respectfully submitted,

Department of Correction
Defendants

By their attorneys:

NANCY ANKERS WHITE
Special Assistant Attorney General
   /s/ Wendy C. Weber
Wendy C. Weber, Counsel
BBO No. 633950
Department of Correction Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300, ext. 189

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon the plaintiff appearing *pro se* by first class mail.

Date: June 29, 2005

   /s/ Wendy C. Weber
Wendy C. Weber, Counsel



# 1 – 6

EXhiBit # 1

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
COURTS CLERK
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MA 02210

RE: CONRAD V. MURPHY,
VS. KATHLEEN M. DENNEHY, et al.,
C.A. NO. 04-12724-JLT (2005)

Dear Sir/Madam:

    Enclosed please find for filing and docketing the following documents
pertaining to the above-entitled Civil Action:

    * Plaintiff's Motion To Further Enlargement of Time w/Exhibit in support.


    Thank you for bringing this to the Courts immediate attention.


                                        Cordially yours,

                                        Conrad V. Murphy

   7 / 1 /2005                          CONRAD V. MURPHY, W-47737
                                        PRO SE LITIGANT
Sent by First Class Mail                MCI CEDAR JUNCTION
cc: File.                               P.O. BOX 100
                                        SOUTH WALPOLE, MA 02071

EXhiBit # 2

COMMONWEALTH OF MASSACHUSETTS
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS                          CIVIL ACTION No. 04-12724-JLT

```
————————————————————————:
                             :
                             :
   CONRAD V. MURPHY,         :
                             :
      PLAINTIFF,             :   PLAINTIFF'S MOTION TO FURTHER
                             :
         VS.                 :      ENLARGEMENT OF TIME
                             :
   KATHLEEN M. DENNEHY, et al.,:
                             :
      DEFENDANTS.            :
                             :
                             :
                             :
————————————————————————:
```

Now comes the plaintiff in the above-entitled action and respectfully moves this Honorable Court, pursuant to Fed. R. Civ. P. Rule 6(b), to enlarge by thirty (30) days, up until August 1st 2005, the time for the plaintiff to file his Opposition Motion To Defendants' Motion To Dismiss.

In addition, plaintiff requests enlargement to obtain a full and complete copy of the Defendants' Memorandum of law In Support of Their Motion To Dismiss.

As grounds, plaintiff has attached his Grievance hereto as Exhibit A.

Plaintiff therefore requests further enlargement of time.

_7_ / _/_ / 2005

cc: Wendy C. Weber, Counsel
    BBO No. 633950
    Department of Correction
    Legal Division
    70 Franklin Street, Suit 600
    Boston, MA 02110-1300
    File.

RESPECTFULLY SUBMITTED,

CONRAD V. MURPHY, W-47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SOUTH WALOPLE, MA 02071-0100

Exhibit #3

## CERTIFICATE OF SERVICE

I, hereby certify that a true copy of the above document:

**\* Plaintiff's Motion To Further Enlargement of Time \***

was forwarded to the defendant's Counsel, by the plaintiff, @ MCI
Cedar Junction, P.O. BOX 100, So. Walpole, MA 02071-0100 via First
Class Mail, through the Institutions Mailing Processing System.

$7$ / $1$ /2005

cc: **File.**

CONRAD V. MURPHY,W-47737
PRO SE LITIGANT
MCI CEDAR JUNCTION
P.O. BOX 100
SO. WALPOLE, MA 02071-0100

EXhibit # 4



**Block A. Continued   (SELECT ONE TYPE ONLY)**

_____**ADA**
_____**ASSAULT**
_____**CANTEEN**
_____**CIVIL RIGHTS VIOLATIONS**
_____**DENIAL/RESTRICTION OF PRIVILEGES**
_____**EMERGENCY**
_____**FOOD**
_____**GRIEVANCE PROCESS**
_____**HAIRCARE**
_____**HARASSMENT**
_____**INMATE ACCOUNTS**
_____**LAUNDRY**
_____**LAW LIBRARY**
_____**MAIL/GENERAL**
__X__**MAIL/LEGAL**
_____**MEDICAL ACCESS**
_____**NEW RELIGIOUS REQUEST**
_____**OTHER**
_____**PHONE/GENERAL**
_____**PHONE/LEGAL**
_____**PHYSICAL PLANT**
_____**POLICY**
_____**PROCEDURE**
_____**PROGRAM ACCESS**
_____**PROPERTY**
_____**PUBLICATIONS**
_____**RELIGION**
_____**REPRISAL FOR GRIEVANCE/COMPLAINT**
_____**RETALIATION**
_____**SEARCHES/INSTITUTION**
_____**SEARCHES/TAC TEAM**
_____**SENTENCE COMPUTATION**
_____**SMU/DDU OPERATIONS**
_____**STAFF MISCONDUCT**
_____**STAFF SEXUAL MISCONDUCT W/INMATES**
_____**SUSUPENSION OF NORMAL OPERATIONS**
_____**UNIT OPERATIONS**
_____**USE OF FORCE**
_____**VERBAL ABUSE**
_____**VISITS**

EXhibit # 5

FORM "A"

## COMMONWEALTH OF MASSACHUSETTS
### DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

| INMATE'S NAME: | INMATE'S #: | | DATE: |
|---|---|---|---|
| CONRAD V. MURPHY | W-47737 | | 7/1/05 |
| INSTITUTION: | | DATE OF INCIDENT: | |
| MCI CEDAR JUNCTION @ WALPOLE, MA 02071 | | JUNE 30, 2005 | |

**INSTRUCTIONS:**
1. Refer to 103 CMR 491, Inmate Grievance Policy.
2. Check off a grievance type that best describes your grievance in Block A.
3. In Block B, give a brief and understandable summary of your complaint/issue.
4. List any actions you may have taken to resolve this matter in Block C. Be sure to include the identity of staff members you have contacted.
5. Provide a Requested Remedy in Block D.

A. **Check off one grievance type only (Listed on reverse side). When filing an Emergency Grievance select Emergency and one additional grievance type.**

_____ **EMERGENCY**

B. **Give a brief and understandable summary of your complaint/issue. Additional paper may be used, if necessary.**

### LEGAL MAIL

On 6/30/2005, the Block 2 Officer opened one legal mail envelope and I noticed that the DEFENDANTS' MEMORANDUM OF LAW was missing and all that was attached thereto was pages 1,2 and 16.

I then brought the question up to the Block Officer "what happened to the missing pages to the memorandum of law?" and this officer then stated to me "that was the way he got it."

C. **List any action taken to address/resolve this matter. Include the identity of staff members you have contacted.**

D. **Provide your Requested Remedy.**

That the defendants "furnish" me a full and complete copy of the memorandum of law

Inmate's Signature _____    Date: 7/1/2005

Staff Recipient _____    Date: _____

**\*\*DENIED GRIEVANCES MAY BE APPEALED TO THE REVIEWING AUTHORITY WITHIN 10 BUSINESS DAYS.**
(Inmate receipts/responses will be generated via the Inmate Management System.)

EXHiBiT #6

# COMMONWEALTH OF MASSACHUSETTS
## DEPARTMENT OF CORRECTION
### INMATE GRIEVANCE FORM

**FORWARD TO INSTITUTIONAL GRIEVANCE COORDINATOR (IGC)**

| **Name** | MURPHY CONRAD | | **Grievance#** 11633 | **Institution** MCI CEDAR JUNCTION | |
|---|---|---|---|---|---|

| **Commit No.** | W47737 | **Housing** BLOCK 2 | **Date Of Incident** 20050630 | **Date Of Grievance** 20050701 |
|---|---|---|---|---|

**Complaint**

On 6.30.05, the Block 2 Officer opened one legal mail envelope and I noticed that the DEFENDANT'S MEMORANDUM OF LAW was missing and all that was attached thereto was pages 1,2 and 16. I then brought the question up to the Block Officer "what happened to the missing pages to the memorandum of law?" and this officer then stated to me "that was the way he got it."

**Remedy Requested**

That athe defendants "furnish" me a full and complete copy of the memorandum of law.

**Staff Recipient**    Aucoin Ann Marie    CO I

**Staff Involved**

**Signature**

---

## RECEIPT BY INSTITUTIONAL GRIEVANCE COORDINATOR

**Date Received** 20050705    **Decision Date**

**Signature**

**Final Decision**

**Decision**

**Signature** _____ **Date** _____

Denied grievances may be appealed to the Superintendent within 10 working days of Institution Grievance Coordinator's decision.

---

## INMATE RECEIPT

| **Name** | MURPHY CONRAD | | | **Institution** MCI CEDAR JUNCTION |
|---|---|---|---|---|

| **Commit No.** | W47737 | **Grievance#** 11633 | **Date Received** 20050705 |
|---|---|---|---|

**Signature.**    Aucoin Ann Marie    CO I



EXHIBIT "C"

# 1-4

Exhibit #1

July 14, 2005

Clerk of the Court
United States District Court
1 Courthouse Way
Suite 2500
Boston, MA 02210

Re:    **Murphy v. Dennehy,** *et al.*
       **NO. 04-12724-JLT**

Dear Sir or Madam:

Enclosed please find a <u>courtesy</u> copy of the following:

(1)    Affidavit of Counsel

Thank you for bringing these issues to my attention.

Yours very truly,

Wendy C. Weber
Counsel

Enc.
cc:  Conrad Murphy (W47737), MCI-Cedar Junction

Exhibit #2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 04-12724-JLT

CONRAD MURPHY,

Plaintiff,

v.

KATHLEEN M. DENNEHY, *et al.*,

Defendants.

## AFFIDAVIT OF COUNSEL

I, Wendy C. Weber, hereby depose and state as follows:

1.      I am an attorney admitted to practice law in the Commonwealth of

Massachusetts and before the United States District Court of the District of

Massachusetts.

2.      On July 13, 2005, I received a pleading from plaintiff Conrad Murphy

alleging that he did not receive a complete copy of the defendants' Memorandum of Law

in support of Motion to Dismiss, which was filed electronically and served upon him by

first class mail on June 28, 2005, along with defendants' Motion to Dismiss,

Memorandum of Law and Motion to Waive Local Rules.

3.      On this date, July 14, 2005, I electronically mailed complete copies of

each pleading to Massachusetts Correctional Institution – Cedar Junction ("MCI-CJ")

paralegal Cheryl Maher, had her check them for completeness, and instructed her to

personally serve the plaintiff with the pleadings.

4.      At approximately 9:53 am, Ms. Maher personally served the plaintiff and

filed an incident report detailing what he received. See Exhibit A attached hereto.

EXhiBit # 3

5.     I intend to electronically mail a complete copy of the instant affidavit,

which I will also instruct Ms. Maher to review for completeness and personally serve

upon the plaintiff on this date.

Signed under the pains and penalties of perjury this fourteenth day of July, 2005.


/s/ Wendy C. Weber
Wendy C. Weber, Counsel

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon the plaintiff appearing *pro se* by hand delivery.

Date:   July 14, 2005                    /s/ Wendy C. Weber
Wendy C. Weber, Counsel

2

EXhiBit # 4

# COMMONWEALTH OF MASSACHUSETTS

## DEPARTMENT OF CORRECTION

### MCI CEDAR JUNCTION
### INCIDENT REPORT

**Incident Report # :** 188196      **Incident Time :** 09:53   **Date:** 07/14/2005   **Place Occurred:**      West Wing Corridor

**Codes & Subject :** INMATE RELATED               Outside Agency

**Reported By**      : Maher Cheryl  PARALEGAL            **Department:** Paralegal            **Reported Date:**  07/14/2005

**Description**      : On Thursday, July 14, 2005, at the request of DOC Legal, Attorney Wendy Weber, the following was served in hand to inmate Conrad Murphy.

1. Appearance  (1 page)

2. Defendant's Motion To Waive Local Rules 7.1(A)(2) AND 37.1   (2-pages)

3. Exhibits A&B (A consisted of 16 pages and B consisted of 4 pages)

4. Defendants' Memorandum Of Law In Support Of Motion To Dismiss (16 pages)

5. Defendants' Motion To Dismiss (2 pages)

| Person Type | Commit No | Name | Housing Unit |
|---|---|---|---|
| Inmate | W47737 | MURPHY CONRAD | BLOCK 2 |

**Entered By:**      Maher Cheryl  PARALEGAL

**Supervisor :**                                                          **Date:**

**Comments :**

**Shift Commander:**                                                      **Date:**

**Comments :**





COMMONWEALTH OF MASSACHUSETTS

DEPARTMENT OF CORRECTION

MCI CEDAR JUNCTION

Payroll Statement

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Inmate: W47737    MURPHY, CONRAD                                    Block: BLOCK 2

Date: 2005 0714 08:15:50                                            Room: 10

| Job Code | Description | Units Worked | Reg./O.T. | Total Amount | Personal Amount | Savings Amount |
|----------|-------------|--------------|-----------|--------------|-----------------|----------------|
| | Institutional Employment | | | | | |
| | Pay Period 2005 0626   To 2005 0702 | | | | | |
| 5051 | Kitchen | 4.00 | R | 8.00 | 4.00 | 4.00 |



EXHIBIT "E"

## LIBRARY ACCESS SCHEDULE:

| | Monday | Tuesday | Wednesday | Thursday | Friday | Saturday | Sunday |
|---|---|---|---|---|---|---|---|
| 8:15 am to 11:30 am | OU | | OU | OU | OU | | |
| 1:30 pm to 3:30 pm | B3 | B4 | B7 | B8 | B1★ B5 B6 B4 B8 | B1★ B5 B6 B4 B8 | A2 A1 A3 |
| 6:30 pm to 8:30 pm | A2 A1 A3 | B1★ B5 B6 B4 B8 | A2 A1 A3 | B1★ B5 B6 B4 B8 | A2 A1 A3 B8 | A2 A1 A3 / B4 B8 | B1★ B5 B6 B4 B8 / B4 B8 |

Reviewed by: _[signature]_          Date: 3-03-05

Approved by: _[signature]_ DAVID Nolan          Date: 3/03-05



_Handwritten margin note:_ WITNESS B... PLAINTIFF ... to this ... where is ... currently housed